UNITED STATES

v.

**Specialist Four (E–4) Fred G. CHINN, 177–48–7640, US Army, Company A, 105th Supply and Transport Battalion, 5th Infantry Division (Mechanized) and Fort Polk, Fort Polk, Louisiana 71459.**

CM 434537.

U. S. Army Court of Military Review.

Sentence Adjudged 18 Feb. 1976.

Decided 27 Aug. 1976.

Appellate Counsel for the Accused: CPT Robert D. Jones, JAGC; CPT Sammy S. Knight, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT David E. Wilson, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

1. *United States v. Holland*, 23 U.S.C.M.A. 442, 443, 50 C.M.R. 461, 462, 1 M.J. 58, 60 (1975).

2. *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968).

3. *United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972).

OPINION OF THE COURT

DONAHUE, Judge:

The appellant's pretrial agreement included a waiver of investigation under Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832 and, in fact, no Article 32 was undertaken. Appellant alleges that this provision renders the agreement void as against public policy. We agree.

The United States Court of Military Appeals has made it abundantly clear that "extrajudicial infringement or interference with the trial and its procedures is forbidden."[1] Pretrial agreements waiving the issues of speedy trial[2] and former jeopardy[3] have likewise been condemned. Although the cited cases specifically involve waivers of rights at trial and the case *sub judice* involves a pretrial procedure, the same important public policy considerations are involved.[4]

The findings of guilty and the sentence are set aside. A rehearing may be ordered before a court-martial convened by the same or a different convening authority.

Judge COSTELLO concurs.

Senior Judge CLAUSE, dissenting:

I agree with the majority to the extent that waiver of an Article 32 investigation should not be made a condition of a negotiated guilty plea. However, under the particular facts of this case I find the waiver provision to have been ineffective and not to have infringed upon or interfered with the trial or any substantial right of the appellant. The appellant made a written waiver of the Article 32 investigation at an early stage of the pretrial proceedings. I find no indication that this action was required of the appellant by any informal agreement or in anticipation of the subse-

4. However, implicit in the waiver of an Article 32 investigation is the waiver of any motion for appropriate relief at trial in connection with the lack of an investigation.

quently executed pretrial agreement. It appears to have been his free and voluntary act at the time made and the contrary has not been alleged in these proceedings. For this reason I do not find it necessary to impose a "public policy" condemnation in this particular case.

Negotiated plea agreements originate with the accused and his counsel. The initial terms are ostensibly those of the defense unless the command has made known in advance that certain conditions will be required of all agreements or of an agreement in a particular case.[1] This case points up the importance of carefully scrutinizing all pretrial agreements to insure that any conditions mentioned therein are a real part of the consideration for the agreement and that all others are removed therefrom.[2] The only safe course is to limit agreements to the exchange of a guilty plea for approval of no more than a stated sentence or other forebearance on the part of the Government.

---

1. Possible explanations for the waiver being mentioned in the agreement in this case are that it was an effort to make the appellant's offer appear more beneficial to the convening authority or an effort to show the defense's cooperation in the speedy disposition of the case.

2. The agreement in this case contained two other provisions that the military judge declared nullities.