**UNITED STATES, Appellee,**

v.

**Private (E–1) Dexter L. WALLS, SSN 566–86–4773, United States Army, Appellant.**

**CM 438440.**

U. S. Army Court of Military Review.

21 Dec. 1979.

---

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Brian X. Bush, JAGC, and Captain Glenn D. Gillett, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and DRIBBEN, Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

Pursuant to his pleas the appellant was convicted of one specification of aggravated assault by stabbing the victim in the back with a knife and thereby intentionally inflicting grievous bodily harm to wit: a punctured lung, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. A court with members sentenced him to the maximum punishment authorized, *i. e.,* dishonorable discharge, forfeiture of all pay and allowances and confinement at hard labor for five years. The convening authority approved the sentence.

Prior to the charges being forwarded to the general court-martial convening authority, the appellant in a written offer waived his right to an Article 32 Investigation contingent upon the convening authority accepting the attached offer to plead guilty with the express proviso that the waiver is withdrawn if the offer was not accepted.[1] The offer to plead guilty to the offense of aggravated assault was conditioned on the premise that the convening authority would direct the trial counsel to offer no evidence as to Charge I and its specification which alleged the offense of attempted murder on the same victim. The convening authority accepted the offer and referred the charges for trial on the same day.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Charles E. Trant, JAGC, were on the pleadings for appellant.

1. Text of waiver reads:

I hereby specifically waive the Article 32 Investigation and Hearing in the above styled case. I have been fully advised by my defense counsel of my right to an Article 32 Investigation and its purposes and potential benefit to me. I have considered its purposes and the potential benefits I could derive from such an investigation into the circumstances surrounding the offenses currently alleged against me and I request that the investigation not be held and waive any right to such investigation at this time. This waiver is contingent upon your acceptance of the attached pretrial agreement in the above styled case and is withdrawn should you not accept my offer.

The appellant now alleges that the waiver of the Article 32 Investigation, although prepared as a separate document, was an integral part of the offer to plead guilty, and as such, was a *sub rosa* agreement[2] and against public policy which rendered the pretrial agreement null and void under the holdings of *United States v. Holland,* 1 M.J: 58, 60 (C.M.A.1975, and *United States v. Chinn,* 2 M.J. 962 (A.C.M.R.1976). Despite strong assertions to the contrary in the spontaneous supplemental review of the staff judge advocate and the government's brief, we find the clear language of the waiver of the Article 32 Investigation by its very explicit terms manifestly established that it was part and parcel of the pretrial agreement. We also agree that a waiver of an Article 32 Investigation should not be made a condition of a negotiated guilty plea. However, these conclusions do not dictate that we find the agreement void as against public policy. As Senior Judge Clause opined in his dissenting opinion in *Chinn, supra,* under the facts of this case, we find no extrajudicial infringement or interference with the trial or any substantial right of the appellant. From the facts presented " . . . there is no doubt the agreement was a freely conceived defense product"[3] and the waiver was not an obligation imposed on the appellant to induce his plea of guilty as was the situation in *United States v. Boyd.*[4] Accordingly, although we repeat the same principle that has been stated by the Court of Military Appeals for over a decade, that, "[t]hey [pretrial agreements] should concern themselves with nothing more than bargaining on the charges and sentence, not with ancillary conditions regarding waiver of fundamental rights.",[5] we conclude that the instant pretrial agreement does not merit the "public policy" condemnation.

We have also considered the allegation that the approved sentence is excessive for the offense of which the appellant was convicted. Upon consideration of the entire record, we are convinced beyond a reasonable doubt that the sentence is appropriate.

The findings of guilty and the sentence are affirmed.

Judge O'DONNELL and Judge DRIBBEN concur.

---

2. The appellant is not attacking the adequacy of the military judge's inquiry into the appellant's understanding of the meaning and effect of the pretrial agreement. The military judge was aware of the waiver and although he was assured by the trial and defense counsel that the pretrial agreement encompassed all of the understandings between the parties, we are not certain that he was aware that the waiver was an integral part of the pretrial agreement. Under the circumstances the military judge cannot be faulted for the failure of the *sub rosa* agreement to be spread on the record. *See United States v. Myles,* 7 M.J. 132 (C.M.A. 1979).

3. *United States v. Schmeltz,* 1 M.J. 8 (C.M.A. 1975); *see also United States v. Troglin,* 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); *United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968).

4. 2 M.J. 1014 (A.C.M.R.1976). This question undoubtedly would have been developed more fully had the judge not been misled by the assurances of both trial and defense counsel that the pretrial agreement encompassed all of the understandings of the parties.

5. *United States v. Cummings, supra* note 3.