UNITED STATES, Appellee

v

ROBERT D. CUMMINGS, Private,
U. S. Marine Corps, Appellant

17 USCMA 376, 38 CMR 174

*Captain Peter B. Work*, USMC, argued the cause for Appellant, Accused.

*Captain R. S. Gasiorowski*, USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel C. R. Larouche*, USMC, and *Lieutenant Edward A. Infante*, USNR.

## Opinion of the Court

FERGUSON, Judge:

This case raises an important question concerning the administration of military justice in the area of pre-trial agreements to plead guilty. They have been employed in military trials since 1953, and this Court has approved of their use, though not without reservations. See United States v Welker, 8 USCMA 647, 25 CMR 151; United States v Allen, 8 USCMA 504, 25 CMR 8. The benefit to the accused is the ceiling which is set absolutely on his punishment in return for the plea. The danger inherent in the arrangement is the entry of an improvident plea in order to insure that ceiling, as evidenced by the many cases in which we have been required, on that basis, to reverse and remand. Hence, we have noted the need for the law officer to make a most painstaking inquiry into the question of providence and the effect of the agreement prior to taking the plea. United States v Chancelor, 16 USCMA 297, 36 CMR 453; United States v Drake, 15 USCMA 375, 35 CMR 347. This process, we have said, establishes providence upon the record and gives the lie to later, extra-record claims of impropriety in the case.

Another facet of the problems inherent in these arrangements is presented here. The accused pleaded guilty, was interrogated by the law officer, and admitted his guilt in fact. Little, however, was said about the terms of the pretrial agreement. Aside from the usual provisions regarding entry and maintenance of the plea in return for approval of no punishment in excess of a specified maximum, it also expressly incorporated an appendix setting forth a stipulation of facts pertinent to the case and a chronology of the pretrial steps in its processing.

No complaint is made of the agreement's provision for stipulation of the relevant facts, but the chronology of events is another matter. It sets forth the following dates:

## PART II

### STIPULATED CHRONOLOGY

| | |
|---|---|
| 10 Oct—11 Oct 1966 | UA |
| 11 Oct 1966—13 Jan 1967 | Confined, BBrig, MCB, CamPen |
| 13 Jan—17 Jan 1967 | Subj Marine on duty status at Supp Co, HqBn, HqRegt |
| 17 Jan—7 Feb 1967 | UA |
| 7 Feb 1967 | Confined, BBrig, MCB, CamPen |

| 21 Feb 1967 | Preliminary Inquiry completed |
| | Charges prepared, sworn to and accused informed of them |
| | Subject Marine referred to Formal Pretrial Investigation |
| 23 Feb 1967 | Subject Marine requested Officer-Lawyer counsel |
| 2 March 1967 | Officer-Lawyer counsel made available by CG, MCB, CamPen |
| 23 Mar 1967 | Accused waived his right to a Formal Pretrial Investigation |
| 24 Mar 1967 | CO, HqRegt recommended trial by GCM |
| 7 Apr 1967 | Rough of SLO Advice Letter prepared for submittal to Base Commander |

More importantly, the chronology concludes with the following declaration:

"The accused waives any issue which might be raised which is premised upon the time required to bring this case to trial (and specifically waives any issue of speedy trial or of denial of due process)."

The incorporation of this waiver as a condition of the guilty plea agreement is misleading to an accused and repugnant to the purposes of the agreement. In the first place, we have expressly pointed out a guilty plea neither waives the right to speedy trial nor the right to due process in the handling of charges. United States v Davis, 11 USCMA 410, 29 CMR 226; United States v Schalck, 14 USCMA 371, 34 CMR 151; United States v Tibbs, 15 USCMA 350, 35 CMR 322. Hence, it is improper in a plea agreement to lead the accused to believe his judicial confession of guilt will require him to forgo reliance upon his statutory and constitutional right to have the charges against him disposed of as rapidly as circumstances pertinent to the case may permit. See Code, supra, Articles 10, 33, 10 USC §§ 810, 833.

Moreover, such a waiver provision has no place in any pretrial agreement. Attempts have been made before to secure similar waivers in connection with guilty pleas, and we have uniformly condemned them. Thus, in United States v Darring, 9 USCMA 651, 26 CMR 431, we were apprised of a provision in a Department of the Army pamphlet which indicated an accused pleading guilty should be advised by his trial defense counsel that he had nothing to gain from seeking appellate representation. Darring alleged his counsel had so advised him, and he had waived such representation "'because *all they would do was look over the case and it would be approved because of the guilty plea.'*" We held accused's waiver ineffective, reversed, and ordered further proceedings before the board of review, at which he was entitled to be represented by counsel.

At an earlier date, in United States v Ponds, 1 USCMA 385, 3 CMR 119, this Court was similarly confronted with a written waiver of the right of an accused to appeal here, executed after the decision of the board of review in connection with a request for immediate execution of the sentence, prior to expiration of the statutory period of thirty days in which he might file his petition here. We held the waiver "a legal nullity," called it "a legal trap for the uninformed," and went on to declare, at page 387:

". . . Despite the unenforce-

378

ability of such a document, it is possible that an inadequately advised accused might attach legal validity or significance thereto and be misled as to his rights to appeal. For these reasons in any case coming before this Court which involves both a failure to petition timely and a waiver of the right, the surrounding facts and circumstances will be scrutinized by this Court with the greatest care to assure that the accused was fully advised of his rights, and was in no way misled into waiving them for the convenience of the Government."

Though the foregoing cases represent attempts to impose waiver agreements on the accused at the appellate level, such provisions have similarly been the subject of incorporation into pretrial agreements. These, too, have been universally condemned by appellate bodies. Thus, in United States v Banner, 22 CMR 510, the agreement included a provision prohibiting the accused from contesting jurisdiction over his person. The board of review, in setting aside the findings of guilty and dismissing the charges for lack of jurisdiction, specifically noted that "neither law nor policy could condone the imposition by a convening authority of such condition in return for a commitment as to the maximum sentence which would be approved." *Banner*, supra, at page 519. Similarly, an Army board of review has sharply condemned the inclusion in pretrial agreements of the proviso that an accused would not offer any evidence in mitigation and extenuation. United States v Callahan, 22 CMR 443. In that case, the agreement was held to constitute "an unwarranted and illegal deprivation of the accused's right to military due process." *Id.*, at page 448. See also United States v Scoles, 14 USCMA 14, 20, 33 CMR 226, 232.

We likewise conclude the inclusion in this agreement of a waiver of accused's right to contest the issues of speedy trial and due process are contrary to public policy and void. United States v Banner, United States v Callahan, both supra. Plea arrangements are not designed, as has been so well stated by the Chief Judge, to "transform the trial into an empty ritual," United States v Allen, 8 USCMA 504, 507, 25 CMR 8. They should concern themselves with nothing more than bargaining on the charges and sentence, not with ancillary conditions regarding waiver of fundamental rights. And, in this particular instance, the waiver provision leaves us with a record into which there has been stipulated substantial periods of unexplained delay, presenting questions which might otherwise have been settled below. As was well said in United States v Banner, supra, at page 519, regarding a jurisdictional issue:

"In the instant case the evidence . . . was known by the convening authority or the Staff Judge Advocate prior to trial. This evidence on its face raised a substantial question of jurisdiction based on a complicated factual situation. Under these circumstances, we believe that the Staff Judge Advocate should insure, or at least assist in providing, a full litigation of the matter at trial level. It is apparent that the pretrial negotiations here concerning the guilty plea encouraged, if they did not induce, an improvident plea. Moreover, the determination of the not inconsiderable factual issues involved imposed a burden on appellate review which we are not well-equipped to discharge."

In like manner, we, by reason of the waiver proviso in the pretrial agreement, are faced with a record of trial barren of any explanation of the delays involved. And, in United States v Schalck, supra, we noted, at page 374, this is a question best "resolved at a level where testimony can be taken, witnesses examined, and testimony offered in rebuttal." It is no answer to say the accused waived such an inquiry below, when he was operating under the effects of a palpably void condition in his agreement with the convening authority. United States v Pond, supra; United States v Darring, supra. He is now before us, and, by his appellate counsel, complaining of the situation in which he

finds himself as a result of that provision. Under the circumstances presented, prejudice to his substantial rights is clearly demonstrated. Accordingly, we reverse and remand.

One last matter bears mentioning. It appears the type of agreement here involved is limited to the jurisdiction whence it came and is contrary to that contemplated for use by the Department of the Navy. Manual of the Judge Advocate General, Department of the Navy, section 0109A. It likewise appears that such conditions are condemned in other services. United States v Callahan, supra. We reiterate our belief that pretrial agreements are properly limited to the exchange of a plea of guilty for approval of a stated maximum sentence. Attempting to make them into contractual type documents which forbid the trial of collateral issues and eliminate matters which can and should be considered below, as well as on appeal, substitutes the agreement for the trial and, indeed, renders the latter an empty ritual. We suggest, therefore, that these matters should be left for the court-martial and appellate authorities to resolve and not be made the subject of unwarranted pretrial restrictions.

Turning to the views of our dissenting brother, it is at once apparent that we are in sharp disagreement on the facts, though the implication that the majority has "twisted" them into a semblance of an issue is unworthy of rebuttal—indeed, of notice. More pertinently, it is astonishing to see recorded the contention that the accused inserted the provision in a standard form agreement and has not complained of his lot, when he is before the Court on petition, specifically urging the action which we take, and has made use of forms obviously designed and provided by the Government. Appellate defense counsel do not operate in a vacuum; they serve clients and here, at his behest, they argue the illegality of the agreement.

As we have said, the stipulated chronology affirmatively reflects inordinate and unexplained delays at each stage of the proceedings prior to trial. Even after the accused had served the sentence imposed as a result of his prior conviction, the eight-day limitation on forwarding charges, imposed by Code, supra, Article 33, was ignored; it took one week to assign counsel for the pretrial investigation; and after that investigation was deferred for over a month after charges were preferred, it also was finally waived by the accused, with charges being forwarded thirty-six days after the statutory limit. No explanation was given, and trial thereafter was delayed for an additional thirty-five days, even though it had long been known accused intended to plead guilty and the offenses alleged, on their face, involved no difficulties in proof.

True, explanation for each of these delays may exist, but to say that this chronology of events raises no issue of speedy trial or due process is to ignore the obvious.

Turning to the contention that the waiver provision originated with the accused, we reiterate that the guilty plea agreement is a multilithed form, with the blanks filled in by accused, which expressly agrees "to both the case chronology and also the stipulation of facts set forth as Appendix I to this agreement." While the waiver itself is in the Appendix, it has appeared in a number of cases from the same command, either pending here or decided by a board of review. See, for example, United States v Cameron, NCM 67–1381; United States v Mazzucco, NCM 67–1701; United States v Moreland, NCM 67–1700; United States v Hart, NCM 67–1792; United States v Slywka, NCM 67–1796; United States v Goodson, NCM 67–1664; United States v Johnson, NCM 67–1350; and United States v May and Schulz, NCM 67–0662.

In the *May and Schulz* case, convened at Camp Pendleton by a different commander, the board reversed, noting not only the waiver of speedy trial in the pretrial agreement but the fact that the staff judge advocate refused to approve any pretrial agreement in

which a question of speedy trial was to be litigated, defense counsel being informed " 'that the staff legal officer thinks that the pretrial agreement which is involved in the case means that the accused "plays dead" so to speak, and does nothing in this trial.' " Compare United States v Allen, supra, and United States v Darring, supra.

In light of these considerations, we give no effect to certificates that it was not command policy to include waivers in the agreement or that such was done to protect the accused. It might not be command policy, but it was certainly at least one local staff judge advocate's policy, and we would be remiss in our duty if we closed our eyes to this unsavory situation.

It is to be wondered what protection is afforded an accused by having him waive his right to speedy trial when, as noted above, we have long held a guilty plea does not have that effect. Thus, the quotation from United States v Hinton, 8 USCMA 39, 23 CMR 263, and reliance thereon, would appear to be wholly irrelevant. Moreover, we descry some substantial difference between a law officer in open court inquiring into whether a defendant has motions to make and a convening authority inserting such in a "contract" form with the accused prior to his trial. Compare, United States v Chancelor, supra.

In sum, the whole premise of the dissent seems to be that accused has not complained and, in any event, has waived his rights by his guilty plea. As we have seen, his petition is here, else we would not be reviewing the case on this issue and, we reiterate, the right to speedy trial and due process is not eliminated by a guilty plea. United States v Davis, United States v Schalck, both supra. Indeed, in United States v Tibbs, supra, the Chief Judge himself declared, at page 353:

> "Neither the failure to demand trial nor a plea of guilty at trial deprives the accused of the protections accorded him by Articles 10 and 33 of the Uniform Code, supra, 10 USC §§ 810, and 833, respectively."

We are not persuaded, therefore, that the dissenting view should change our position.

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

The majority opinion disadvantages the accused by depriving him of the benefit of the relatively modest sentence provided for in a pretrial agreement and penalizes the Government for a promise originating in the accused's own offer to plead guilty.

Recently, we denied review of a case in which the law officer determined at trial, during an inquiry into the voluntariness of the accused's plea of guilty, that the accused waived "any pretrial motions for speedy trial." United States v Dudley, Docket No. 20,688, December 20, 1967. In my opinion, the provision in the accused's offer to plead guilty is nothing more than a similar representation to the convening authority that he proposes to waive any speedy trial issue. This is how the parties understood the provision when the agreement was consummated. The Base Legal Officer has certified to us that there was no policy or effort by the Command to obtain waiver of any pretrial right, as a condition to acceptance of an accused's offer to plead guilty. The Chief of the Defense Section, Base Legal Office, Marine Corps Base, Camp Pendleton, California, avers that a speedy trial waiver provision was included in offers to plead guilty to apprise the Staff Legal Office that the defense had decided to waive the speedy trial issue and to indicate that the accused knew he had a right to a speedy trial. The Defense Section viewed the provision as "protection" for the accused and his counsel. Finally, the statement by trial defense counsel, which was filed with us, specifically indicates there was an affirmative "defense decision not to raise the speedy trial issue." Not one of these representa-

**381**

tions is disputed on this appeal. In my opinion, they demonstrate there was no evil purpose in the provision, and no evil consequence resulted from it.

Apart from demonstrating that the waiver provision had a beneficent, rather than evil, purpose and effect, the evidence also demonstrates there is no speedy trial issue present in this case. The period of confinement from October 11, 1966, to January 13, 1967, reflected in the stipulated chronology of events, was patently justified under the terms of a previous conviction. The accused had been tried and convicted on September 30, 1966, for two counts of unauthorized absence, and was sentenced to confinement for four months. The convening authority approved and ordered the sentence executed, with provision for suspension of two months' confinement. However, ten days after his conviction, the accused escaped from confinement. The suspension was vacated, and the accused was required to serve the entire sentence. Similarly, the chronology of the proceedings from February 7, 1967, when the accused was returned to military control, until the case came on for trial, reflects no period of unreasonable or oppressive delay. From the stipulated facts, it is obvious the accused and his lawyer were fully aware of all the circumstances before the offer to plead guilty, and for reasons best known to themselves included the waiver clause in the offer. In any event, even if the facts are twisted to raise the possibility of an issue, we cannot close our eyes to the obvious "probability that the accused and his counsel weighed the evidence and determined that it was inadequate for an effective legal defense" and, therefore, chose "to disregard the evidence in favor of the possible advantage of a guilty plea." United States v Hinton, 8 USCMA 39, 41, 23 CMR 263.

Before trial, the accused repeatedly rejected entreaties by his counsel for permission to seek mitigation of the charges, and "specifically precluded" counsel from advancing any argument which might result in his retention in the Marine Corps. At trial, the accused assured the law officer that "no pressure, or influence" of any kind was "brought to bear" to persuade him to plead guilty. Again, he insisted that his counsel present nothing during the sentence proceedings, except two letters. The accused does not now deny his guilt; he does not now repudiate his trial contention that he freely determined to plead guilty; he does not now say that he did not voluntarily include the waiver provision in his offer to plead guilty; and he does not now contend he was influenced or pressured into waiving his right to a speedy trial. In fact, there is nothing in his arguments to indicate that given another opportunity, he would challenge the validity of the pretrial proceedings. In these circumstances, it is indeed a " 'hollow gesture' " to invalidate the pretrial agreement, set aside the plea of guilty, and order a rehearing, at which the accused might be subject to punishment greater than provided in the agreement. See United States v Hinton, supra, at page 43.

I would affirm the decision of the board of review.