## UNITED STATES

v.

Henry L. GIBSON, 191 50 1536, Private (E–1), U. S. Marine Corps.

NMCM 81 1922.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 26 June 1980.

Decided 16 April 1982.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and BOHLEN and MICHAEL, JJ.

BOHLEN, Judge:

Appellant was tried by special court-martial, judge alone, on 26 June 1980 for violations of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. Pursuant to his pleas he was found guilty of two specifications of unauthorized absence. He was sentenced to be discharged with a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of

$299.00 pay per month for three months. The convening authority approved the sentence as adjudged, contra to the pretrial agreement, giving as his reason the alleged violation of the post-trial misconduct provisions of the agreement. The supervisory authority disapproved confinement in excess of 48 days, but otherwise approved the action of the convening authority.

Appellate defense counsel has presented the following assignment of error, which we deem meritorious in part.

THE MILITARY JUDGE ERRED BY APPROVING THE MISCONDUCT CLAUSE OF THE PRETRIAL AGREEMENT, AND THE CONVENING AUTHORITY ERRED BY INVOKING THE MISCONDUCT CLAUSE AGAINST THE APPELLANT.

The misconduct clause in this case contains the same provisions as that of *United States v. Gregg*, No. 81 2532 (N.M.C.M.R. 22 February 1982):

It is expressly understood that misconduct on my part in violation of the Uniform Code of Military Justice after this agreement is signed by the Convening Authority but before initial action is taken in my case, (sic) may render the sentencing portion of this agreement null and void, and the Convening Authority or the officer taking initial action on the record of trial may, in his discretion, approve any or all portions of the sentence adjudged provided that the misconduct referred to above is evidenced by official records. Official records, as the term is used in this agreement, means an entry on page 12 of the accused'd (sic) service record book, evidencing nonjudicial punishment imposed or the inception of a period of unauthorized absence, or an entry on a page 13 of the accused'd (sic) service record book reflecting a court-martial conviction.

The convening authority, on the sole basis of a "page 12" entry indicating the appellant was absent without authority, voided the agreement. In his action he stated:

Those portions of the pretrial agreement pertaining to the sentence to con-

finement at hard labor and a bad conduct discharge are considered null and void in that the accused committed misconduct in violation of the Uniform Code of Military Justice, Article 86, as reflected on page 12 of the accused's service record book.

It is considered that the entries to which the convening authority was referring was an entry dated 800904 setting forth a statement of an absence "from 800823 at on or about 0601 to 800826 at on or about 0800."; an entry dated 800916, "to U.A. (AWOL) .... since 1301 800908", and another entry (partially illegible) dated 801013 indicating the appellant was dropped from the rolls.

Nowhere in the record is it disclosed that either appellant or his counsel was notified of the alleged misconduct or afforded an opportunity to respond to the contemplated action of the convening authority to void that portion of the pretrial agreement.

In *United States v. Dawson*, 10 M.J. 142 (C.M.A.1981), Chief Judge Everett, concurring in the result, spoke as follows:

If post-trial misconduct may be utilized under any circumstances to deprive an accused of the benefit of a pretrial agreement—a matter as to which I express no opinion at this time—the minimal requirements for doing so should include (a) a detailed, explicit, and well-drafted provision to this effect in the pretrial agreement; (b) inquiry by the military judge to assure that the accused understood the full import of such terms in the pretrial agreement; (c) a hearing on the alleged post-trial misconduct, which at least embodies all the procedural safeguards of a hearing for vacation of suspension pursuant to Article 72, Uniform Code of Military Justice, 10 U.S.C. § 872.

*Id.* at 151.

The principal opinion of *Dawson, supra,* cites *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). A reference back to that case points the way of future decisions; in that case the Court stated:

If it is error to fail to accord an accused the opportunity to rebut adverse matters within a post-trial review, a fortiori, it is

wrong to supplement a review orally by informing the convening authority of alleged misconduct by the accused bearing on the question of the sentence to be approved and not giving the accused the opportunity to explain. In our opinion, therefore, the review process at the convening authority level was clearly deficient. Prejudice to the accused is shown by the convening authority's admitted reliance on the alleged misconduct as a basis for approving the sentence rather than reducing and suspending it in accordance with the pretrial agreement.

*Id.* at 6.

Further clarification was found in *Dawson, supra.*

Finally, this Court has clearly stated that pretrial-agreement provisions which entail waivers of constitutional or codal rights otherwise not waived by a guilty plea are void. *See United States v. Holland,* [1 M.J. 58 (C.M.A.1975)] *supra; United States v. Cummings,* [17 U.S.C. M.A. 376, 38 C.M.R. 174 (1968)] *supra.* Our decisions have primarily dealt with certain trial rights of an accused which are not waived by his pleas. We do not believe that *United States v. Goode, supra,* can be read to support additional waivers of constitutional or codal rights of similar magnitude which concern subsequent alleged violations of the military criminal code. *Cf. Martinez v. Romero,* 626 F.2d 807, 809 (10th Cir. 1980); *United States v. Scoles,* 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963).

*Id.* at 150.

██ The question now presented before this Court is whether the decision of *Dawson, supra,* should be applied prospectively or retroactively. It is clear that the answer to the question revolves upon those basic rights to be accorded an accused prior to the taking of an action contra to his interest.

We find that there were basically no new rules laid down in *Dawson, supra,* but rather an explanation and clarification of old rules and how those rules should be applied. Those rules, new or old, have little to do with the trial of the case. What is affected is the fact-finding process of post-trial misconduct. It is apparent that the words of Chief Judge Everett, *supra,* reflect the tone of Article 72, UCMJ, 10 U.S.C. § 872, which has long been in existence.

An accused is entitled to basic constitutional guarantees, as has often been stated.

I agree, thoroughly and completely, with the view that members of the military are not shorn of their constitutional rights while they remain in the military service. Blackstone said:

"... he puts not off the citizen when he enters the camp; but it is because he is a citizen, and would wish to continue so, that he makes himself for a while a soldier." [1 Blackstone, Commentaries (Wendell ed.), page 408.]

This Court has, in many cases, recognized the protection of military men by the Bill of Rights. We have also adverted to the statutory protection of those rights as contained in the Uniform Code of Military Justice. As examples: We have held that an accused shall not be denied "fundamental fairness, shocking to the universal sense of justice"; this we have denominated "military due process," connoting observance of his rights in his state, or status, of a soldier. See *United States v. Clay,* 1 USCMA 74, 1 CMR 74. He is protected against unreasonable searches and seizures. *United States v. Vierra,* 14 USCMA 48, 33 CMR 260; *United States v. Brown,* 10 USCMA 482, 28 CMR 48. He cannot be compelled to be a witness against himself and that provision of the Fifth Amendment is preserved and expanded. *United States v. Kemp,* 13 USCMA 89, 32 CMR 89; *United States v. Walker,* 9 USCMA 187, 25 CMR 449. There are other cases and other instances. In short, we have proceeded, as has the Supreme Court, to examine each claim of deprivation of right as it has been presented to us. We should do likewise in this case.

*United States v. Culp,* 14 U.S.C.M.A. 199, 206; 33 C.M.R. 411, 418 (1963).

We echo those words to do likewise in this case. We find error in the failure of the convening authority to render military due process to appellant in the voiding of the provisions on suspension as contained in the pretrial agreement. We conclude that vacation proceedings, pursuant to Article 72, UCMJ, may be initiated, if the period of suspension has not expired. *Cf. Morrissey v. Brewer*, 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593 (1972).

Accordingly, only so much of the sentence as provides for a bad conduct discharge, suspended for the period of confinement actually served plus six months thereafter, confinement at hard labor for 48 days, and forfeiture of $299.00 pay per month for three months, is affirmed.

Senior Judge SANDERS and Judge MICHAEL concur.