**UNITED STATES, Appellee,**

v.

**Private (E–2) Jose L. VELEZ, SSN 048–62–5649, United States Army, Appellant.**

**CM 443105.**

U.S. Army Court of Military Review.

31 Oct. 1983.

Lieutenant Colonel R. Rex Brookshire, JAGC, Major Lawrence F. Klar, JAGC, and Captain Edmund S. Bloom, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Thomas M. Curtis, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was charged with driving without a proper license in violation of a general regulation (Charge I), drunk driving (Charge II), possession of hashish on 2 May 1982 (Charge III), and possession, transfer and sale of hashish during the period 29 April to 2 May 1982 (Additional Charge). After these charges were referred to trial by general court-martial, the accused initiated an offer to plead guilty to all of the charges and specifications, which were set out verbatim in an appendix to the offer, in return for a sentence limitation to a bad-conduct discharge, forfeiture of all pay and allowances, reduction to Private E–1, and confinement at hard labor for 13 months. The offer said nothing regarding any evidentiary motions the accused might make at trial or regarding the effect the court's ruling on any such motions would have on the agreement. In addition to the agreement to plead guilty, the offer contained the following language:

> I understand that this agreement is not binding on the convening authority unless I plead guilty as indicated in paragraph 2 above, the military judge accepts my pleas of guilty and enters findings thereon, and I am sentenced thereon.

The offer was accepted by the convening authority.

At trial appellant succeeded in motions to suppress not only his pretrial confession to the offenses alleged in the specifications of the Additional Charge but other documentary and real evidence which corroborated his confession. Thereupon, appellant pled guilty to Charges I, II and III and their specifications and not guilty to the Additional Charge and its specifications. During his inquiry into the guilty pleas, the military judge asked if there was a pretrial agreement in connection with the plea. Trial defense counsel replied that there was not. Appellant replied in the negative when asked whether anyone had made any promises or in any way tried to induce him to plead guilty.

After the guilty pleas were accepted by the military judge, the prosecution offered a stipulation of fact into evidence. This stipulation was represented by the prosecutor to include all the evidence the Government had on the specifications of the Additional Charge. The only matters in the stipulation which were even remotely probative of the offenses in the specifications of the Additional Charge were recitations that appellant, on 2 May 1982, had been found in possession of a large number of foil-wrapped cubes of hashish (the subject of the specification of Charge III), a pocket knife with hashish residue, a sheet of aluminum foil and $899.00 in U.S. currency.

The military judge entered findings consistent with appellant's pleas and sentenced appellant to a bad-conduct discharge, forfeiture of all pay and allowances, reduction to Private E–1, and confinement at hard labor for 18 months.

In response to the post-trial review, trial defense counsel stated that:

> [Prior to trial] the defense notified the prosecutor that it intended to raise several motions concerning the additional charge and its specifications. The prosecutor informed the defense that if the defense was successful in its motions and pled 'not guilty' to the additional charge and its specifications, then there was no pretrial agreement.
>
> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;
>
> Since the accused remained true to the pretrial agreement and pled guilty to those charges, which the government could prove by legal and competent evidence, the government should remain true to the bargain.

Following his staff judge advocate's supplemental advice, the convening authority approved the sentence as adjudged. Appellant here alleges that this was error, relying primarily on *United States v. Holland,* 1 M.J. 58 (C.M.A.1975), and *United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968), bolstered by references to *United States v. Elmore,* 1 M.J. 262 (C.M.A. 1976), and *United States v. Troglin,* 21 U.S. C.M.A. 183, 44 C.M.R. 237 (1972).

**561**

■ Under the circumstances of this case, we agree with the Government's contention that appellant cannot successfully claim the benefits of the pretrial agreement because he failed to perform his part of the bargain.

■ The terms of the agreement proposed by appellant were unequivocal—to plead guilty to, be found guilty of, and be sentenced for all charges and specifications, including the Additional Charge and its specifications. After succeeding in his suppression motions, appellant was at liberty to comply with the terms of his offer but chose not to do so. Public policy, as it applies to the administration of military justice, does not forbid acceptance of a plea of guilty on the ground that the Government may not have sufficient admissible evidence to obtain a conviction in a contested trial. The relevant criteria are, rather, that the accused in fact be guilty and believe himself to be guilty. *United States v. Johnson,* 1 M.J. 36 (C.M.A.1976); *see also United States v. Moglia,* 3 M.J. 216, 218 (C.M.A.1977).

Since the appellant did not comply with the conditions of the pretrial agreement the convening authority was not bound by its terms. Appellant made an election at trial to plead not guilty to a charge. This course of action had substantial advantages for appellant when juxtaposed against compliance with the pretrial agreement. By pleading not guilty to the Additional Charge and its specifications, appellant obtained an acquittal on those alleged offenses. With his case in that posture, appellant had much less to fear from the sentencing body, and so had less need for the protection of the sentence limitation in the pretrial agreement. In addition, appellant was protected against future prosecution by the acquittal. Appellant will not be heard at this point to claim delivery of the cake he has already eaten.

The fact that the convening authority was, at one time, willing to agree to a sentence less severe than the one adjudged does not necessarily mean that any sentence more severe than that previously negotiated is unfair or unjust. *See generally Frank v. Blackburn,* 646 F.2d 873 (5th Cir.1980) (en banc), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981).

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.