UNITED STATES

v.

**Airman First Class John C. HOBART, II, FR 277–76–3513 United States Air Force.**

**ACM 25063.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 Sept. 1985.

Decided 3 July 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Captain Deborah J. Hudspeth and Captain John V. Sullivan, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr., and Major David F. Barton.

Before SESSOMS, LEWIS and CAR-PARELLI, Appellate Military Judges.

## DECISION

CARPARELLI, Judge:

Pursuant to pleas of guilty, the appellant was convicted of drunk driving resulting in injury to another, reckless driving in the same incident, and drunk on station arising from a separate incident. The approved sentence includes a bad conduct discharge, confinement for ten months, forfeiture of $413.00 per month for ten months, and reduction to airman basic.

■ Appellate defense counsel originally invited our attention to the question of sentence appropriateness and to the discussion of appellant's pretrial restriction as presented in appellant's Request for Clemency to the convening authority. The Request for Clemency says the accused was restricted to the base for about six months during the year which intervened between the drunk driving incident and the preferral of charges. In an attachment to the request, trial defense counsel stated that the squadron commander's dubious claim that he had lifted the restriction after less than one month "forced the defense to waive" the speedy trial issue "in return for other charges being dropped." R.C.M. 707, Manual for Courts-Martial, 1984. The statement went on to say that the commander had reason to lie because a six month restriction would "probably [have] depriv[ed] the government of the right even to try AIC Hobart."

The quoted language suggests that the defense gave up the appellant's right to

raise a motion to dismiss based on a violation of R.C.M. 707 as part of an agreement in which the government promised to drop some charges. Such a bargain would be void as contrary to public policy. R.C.M. 705(c)(1)(B); *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968). In order to clarify the meaning and importance of trial defense counsel's statement, we specified questions regarding the pretrial restriction, the plea bargain, and the providence of appellant's plea. In response, the parties have submitted briefs and affidavits from the trial counsel, trial defense counsel, and the appellant. Upon review of the record and the affidavits, we find no error.

The written offer for the pretrial agreement, signed by the appellant, the convening authority, trial defense counsel, and the staff judge advocate, specifically states that the written offer and its appendix include all the terms of the agreement and that no other inducements had been made that affected the appellant's offer to plead guilty. In addition, the military judge conducted a commendably thorough inquiry into the agreement. *United States v. Green*, 1 M.J. 453 (C.M.A.1976). He began by ascertaining that the appellant had read the agreement and that the appellant believed he fully understood it at the time he had signed it and still understood it at the time of trial. After noting that the agreement had been signed six days before trial, he instructed the appellant to read the agreement again and recessed court for five minutes so that he could do so. In the course of the inquiry that followed the recess, the appellant denied the existence of other agreements three times.

In spite of this record, the appellant's post trial affidavit says, "I thought at the time of trial that the agreement not to raise the speedy trial issue was contained in the written pretrial agreement which I had signed. I do not recall being told that it was not or why it was not." Given the recess during trial that was granted to insure the appellant understood the agreement, and the carefulness of the trial judge's inquiry, we find this statement to be incredible.

Trial defense counsel's affidavit states that the written pretrial agreement encompassed all material agreements in the case and that the agreement did not hinge on his decision regarding the speedy trial issue. He says he would have raised the issue if he believed it could have succeeded. However, he doubted both the legal and factual viability of a motion claiming denial of a speedy trial. It appears he believed that the defense would be better off adopting a conciliatory position and not raising the dubious issue.

The affidavit from Circuit Trial Counsel indicates that he was aware of no agreement that required the appellant to waive his right to a speedy trial. He states that he believed the facts and the law made the government's position on the speedy trial issue "a clear winner." He also said the charges that were dropped involved disputed facts and that he thought those charges would have created the impression that the government was overreaching. He did not condition his support of the pretrial agreement on defense waiver of the speedy trial issue.

We have thoroughly reviewed the record, including the evidence regarding the pretrial restriction that was presented at the Article 32, U.C.M.J., investigation, and the sworn affidavits submitted by the parties. We are satisfied that the defense's decision to forgo the speedy trial issue was not a secret condition of the negotiated plea but, rather, was a unilateral decision based on trial defense counsel's honest professional judgment that a motion raising the issue would be denied. We are also satisfied that the statements in the Request for Clemency were part of an inartful attempt to use the pretrial restriction to persuade the convening authority to grant clemency by reducing the sentence to confinement.

We emphasize that pretrial agreements are not designed to transform the trial into an empty ritual. *United States v. Allen*, 8 U.S.C.M.A. 504, 25 C.M.R. 8, 11 (1957). They may properly include bar-

gaining on the charges and sentence. They may not include conditions regarding waiver of fundamental rights that the trial process is established to protect. *Cummings,* 38 C.M.R. at 177. Defense lawyers are not free to forfeit an accused's fundamental rights either by explicit agreement or by unilaterally deciding to forgo viable issues in an attempt to gain bargaining leverage against the government. To do so would raise serious questions regarding the lawyer's ethics and effectiveness.

■ To insure appropriate judicial review and protect against improper bargains involving fundamental rights, we suggest that trial judges, in the course of pretrial agreement inquiries, specifically ask the accused and his counsel whether the defense has agreed to refrain from entering motions, calling witnesses, or presenting matters in extenuation or mitigation, and whether the defense has unilaterally decided to refrain from presenting such matters for the sole purpose of inducing the government to grant the offer of a pretrial agreement. *See Green,* 1 M.J. at 456.

Having reviewed the record, the briefs, and the affidavits, we find no error that materially prejudiced the substantial rights of the accused. The findings of guilty and the sentence are correct in law and fact. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge LEWIS concur.