UNITED STATES

v.

**Chuck C. VOYLES, 261 61 4201, Intelligence Specialist First Class (E–6), U.S. Navy.**

**NMCM 87 2461.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 29 April 1987.

Decided 17 March 1989.

Lt. Col. Richard E. Ouellette, USMC, Appellate Defense Counsel.

L. Cdr. Lawrence W. Muschamp, JAGC, USN, Appellate Government Counsel.

Before BYRNE, C.J., and COUGHLIN and RUBENS, JJ.

RUBENS, Judge:

Following guilty pleas, a general court-martial composed of officer members convicted appellant of seven specifications of larceny (Charge II) and one specification of unauthorized absence (Charge IV) in violation of Articles 121 and 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 921 and 886, respectively. The military judge dismissed alleged violations of Articles 132 and 107, UCMJ, 10 U.S.C. 932 and 907 (Charges I and III), as multiplicious for findings. The members sentenced appellant to reduction to E–1 and a bad-conduct discharge. The convening authority approved the sentence as adjudged notwithstanding the staff judge advocate's Rule for Courts–Martial (R.C.M.) 1106, Manual for Courts–Martial (MCM), United States, 1984, recommendation that the discharge be commuted to confinement for six months.[1]

The appellant has made two assignments of error:

## I

THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE CHARGES FOR LACK OF SPEEDY TRIAL BECAUSE DELIVERY OF PREFERRED CHARGES TO TRIAL DEFENSE COUNSEL WAS "NOTICE TO THE ACCUSED" FOR PURPOSES OF RULE 707(a) OF THE RULES FOR COURTS–MARTIAL.

## II

THE SENTENCE TO AN UNSUSPENDED BAD–CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE GIVEN THE APPELLANT'S EXEMPLARY RECORD.

We have examined the record of trial and the briefs submitted by counsel

---

**1.** The pretrial agreement permits the convening authority to approve a punitive discharge.

and find that the appellant's first assignment of error has merit with respect to Charge II.[2] We need not resolve the second assignment of error because a punitive discharge is not authorized for Charge IV, the remaining offense of which the accused was convicted, and because we will return the record of trial to the convening authority for appropriate action.

The military judge accepted as factual the stipulated chronology offered by the parties. The facts which are pertinent to the resolution of the first assignment of error are:

| | |
|---|---|
| 28 May 1986 | Commission of the last offenses alleged in Charges I, II, and III. |
| 15 Aug 1986 | Charges I, II, and III preferred.[3] |
| 19 Aug 1986 | Preferred charges received by Naval Legal Service Office (NLSO), Norfolk, VA, for screening. LCDR Henebery detailed as defense counsel. |
| 20 Aug 1986 | Commanding Officer, SEAL Team SIX, signs Article 32, UCMJ, appointing order designating LCDR Van Winkle Government counsel and LCDR Henebery defense counsel. The commanding officer also directs in the order that a copy of the preferred charge sheet be given to LCDR Henebery. LCDR Henebery meets with appellant. |
| 25 Aug 1986 | Preferred charges and appointing order officially received at NLSO, Norfolk, VA. Copy provided to LCDR Henebery. |
| 26 Aug 1986 | LCDR Henebery reviews preferred charges with appellant. |
| 19–25 Sep 1986 | Appellant absent without authority. This absence becomes Charge IV. |
| Late Nov 1986 | Article 32, UCMJ, investigation docketed for 10 Dec 1986. |
| 10 Dec 1986 | Article 32, UCMJ, investigation is convened but Government invokes the classified information privilege of Mil.R.Evid. 505 and the hearing is postponed. |
| 23 Jan 1987 | Article 32, UCMJ, investigation reconvened and completed. |
| 20 Mar 1987 | Charges referred to a general court-martial. |
| 27 Mar 1987 | Government declares it is ready to proceed to trial and proposes trial date of 6–7 April 1987. |
| 28 Mar 1987 | Defense declares it will not be ready for trial on date proposed by Government and proposes trial date of 29–30 April 1987. |
| 29 Apr 1987 | Trial begins. |

In addition to accepting the stipulated chronology, the military judge also made the following mixed findings of fact and conclusions of law in ruling on the speedy trial motion:

That the Command Services Department at [N]aval Legal Service Office, Norfolk, as a matter of standard operating procedures delivers a copy of charges received with a request for an Article 32 hearing to the defense—appointed defense counsel.

That Lieutenant Commander Swanson did not advise the accused of the charges nor deliver to him a copy of the charges. Based on the above, the court is of the opinion that the delivery of the charge sheet by personnel attached to the Naval Legal Service Office, Norfolk, to the defense counsel was an event occurring in due course in the marshaling of an Article 32 hearing team; that is, the government counsel, defense counsel, and the hearing officer.

That delivery of the charges to the defense counsel, under the facts in this case, can in no way be construed to be an official notification of preferral of charges to the accused. Lieutenant Commander Swanson's conscientious efforts to ensure that the accused does not—was not apprised of the charges

---

2. Appellant moved to dismiss Charges I, II, and III at trial. Therefore, his pleas of guilty did not waive the first alleged error with respect to these offenses. *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968); *United States v. Davis*, 11 U.S.C.M.A. 226, 29 C.M.R. 226 (1960); and *United States v. Brown*, 10 U.S.C.M.A. 498, 28 C.M.R. 64 (1959). However, appellant did not move to dismiss Charge IV at trial and, thus, the speedy trial issue as to that offense was waived. R.C.M. 907(b)(2)(A), MCM, 1984.

3. The charge sheet on which the appellant was tried has a preferral date of 17 March 1987. However, the military judge found that Charges I, II, and III were preferred on 15 August 1986. Therefore, we consider the date of preferral of Charges I, II, and III to be 15 August 1986.

during the preliminary stages of investigation supports the conclusion that the command did not intend to officially notify the accused of the preferred charges until he was duly advised by the investigating officer at the Article 32 hearing, the investigating officer being an appointee of the convening authority.

The court finds that the accused was not denied due process in this case. Accordingly, the court finds that the accused was officially notified of the preferred charges on 10 December 1986 at the Article 32 hearing. The court calculates a total of 140 days had elapsed but deducting 22 days; that is, from 6 April to 29 April, and 43 days from 10 December to 23 January, times chargeable to the defense, the government is chargeable with 75 days.

R. 44 and 45.

In *United States v. Angel*, 28 M.J. 600 (N.M.C.M.R.1989) (*en banc*), this Court, on almost identical facts, held that the accused's immediate commander had caused the accused to be notified of the preferred charges pursuant to R.C.M. 308(a), MCM, 1984, when that commander issued an Article 32, UCMJ, appointing order which directed that a copy of the appointing order and the preferred charges be given to the detailed defense counsel; and the defense counsel, in accordance with his duties, reviewed such charges with the accused. This Court then found that this notification of preferred charges began the 120–day speedy trial clock of R.C.M. 707(a), MCM, 1984. This Court dismissed the charges in *Angel* because, after excluding any applicable time periods under R.C.M. 707(c), MCM, 1984, Angel had been brought to trial in excess of 120 days.

 In applying *Angel* to the facts in the case *sub judice*, we find that the commanding officer of SEAL Team SIX, appellant's immediate commander, caused the appel-

lant to be notified of the preferral of Charge II when he issued an Article 32, UCMJ, appointing order and the trial defense counsel reviewed the charges with his client, the appellant, on 26 August 1986.[4] It is not important that the notification occurred through intermediaries; the immediate commander will often not personally give the accused notice. The critical fact is that appellant's immediate commander, through official means or channels, caused the appellant to be notified by sending a copy of the preferred charges to appellant via his counsel. The defense counsel foreseeably shared this information with his client in order to prepare for the impending Article 32 investigation. *See generally* R.C.M. 502(d)(6) and Discussion. Accordingly, the R.C.M. 707(a), MCM, 1984, 120–day speedy trial clock began to run for Charge II on 26 August 1986.

We compute the delay between notification of the preferral of Charge II (26 August 1986) and the day on which appellant was brought to trial on this charge (29 April 1987) to be 246 days. After excluding defense-chargeable trial delay (22 days), Article 32 investigation delay (43 days), and appellant's unauthorized absence (6 days), we further find that the Government brought appellant to trial in 175 days.[5] Accordingly, the appellant was denied his right to a speedy trial under R.C.M. 707(a), MCM, 1984.

The findings of guilty as to Charge II are set aside and dismissed. The findings of guilty as to Charge IV are affirmed. The sentence is set aside because we are unable to meaningfully reassess the sentence. *See United States v. Sales*, 22 M.J. 305 (C.M.A.1986). The record of trial is returned to the convening authority who may order a rehearing on the sentence for the offense set forth in Charge IV (a 6–day unauthorized absence) or approve a sentence of no punishment.

Judge COUGHLIN concurs.

---

4. Lieutenant Commander Swanson, JAGC, USN, testified on the motion that he provided legal advice to the Commanding Officer, SEAL Team SIX, and that he told appellant "When charges are available, you'll get them through your defense counsel." R. 35. Thus, appellant was

notified of the preferred charges exactly the way Lieutenant Commander Swanson informed him that he would be notified.

5. We have carefully examined the record of trial and find no other R.C.M. 707(c) exclusions.

**834**

BYRNE, Chief Judge (concurring):

I dissented to the majority *en banc* opinion in *United States v. Angel,* 28 M.J. 600 (N.M.C.M.R.1989). Based upon *stare decisis,* I concur.