**UNITED STATES, Appellee,**

v.

**Specialist Four Kathy A. HOLMES, SSN 264–57–1634, United States Army, Appellant.**

**No. SPCM 19644.**

U.S. Army Court of Military Review.

31 Jan. 1984.

---

Lieutenant Colonel Paul J. Luedtke, JAGC, and Captain Harry L. Williams, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Patrick J. Cunningham, JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with her plea, appellant was convicted of wrongfully distributing 7.03 grams of hashish to another soldier, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. A military judge sentenced her to a bad-conduct discharge, confinement at hard labor for thirty days, forfeiture of $382.00 pay per month for one month and reduction to Private E–1. The convening authority approved the sentence but suspended the confinement portion for six months.

■ Appellant contends that her plea of guilty is improvident and should be set aside because it was rendered pursuant to a pretrial agreement that contained a provision violative of public policy. After agreeing to approve the sentence adjudged and to suspend for two months any punishment in excess of a bad-conduct discharge, confinement at hard labor for forty-five days, forfeiture of two-thirds pay per month for two months and reduction to Private E–1, the convening authority stated, "If no punitive discharge is adjudged, I may approve all of the sentence." We hold the foregoing provision is valid.

■ The touchstone for determining the legitimacy of a pretrial agreement is that it adhere "to basic notions of fundamental fairness." *United States v. Partin,* 7 M.J. 409, 412 (C.M.A.1979) (citation omitted). While the Court of Military Appeals never has expressed full satisfaction with plea bargaining, it has consistently approved the practice when pretrial agreements have involved only the charges, pleas and sentence. *See United States v. Schmeltz,* 23 U.S.C. M.A. 377, 379, 50 C.M.R. 83, 85 (1975); *United States v. Troglin,* 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); *United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968). Agreements involving other matters have also been ruled permissible. *See United States v. Sharper,* CM 443580,

17 M.J. 803 at 805 (A.C.M.R.1984), and cases cited therein. In *Sharper,* we said that, "A pretrial agreement may not deprive an accused of a 'fair hearing, even if the hearing is limited by the plea to matters other than guilt or innocence.' *United States v. Holland,* 1 M.J. 58, 59 (C.M.A.1975) . . . On the other hand, an accused may legitimately bargain away certain rights to conserve time, money and effort." *Id.* (citations omitted). We then held that it was not unfair of the Government to require the accused to stipulate to certain aggravating facts during presentencing in light of the benefits accruing to him and to the justice system as a whole from the pretrial agreement. *Id.* at ——, slip op. at 5.

We find nothing wrong with the contested provision in this case. Besides involving the sentence only, it does not purport to coerce an accused in the exercise of any rights, fundamental or otherwise. Appellant's assertion that the effect of the provision was to limit her from arguing or presenting evidence against imposition of a punitive discharge is simply not supported by a fair reading of its language and a gleaning of its intent. The purpose of the provision is to give the convening authority greater flexibility in approving the adjudged sentence in the event it does not include a punitive discharge. Ultimately, it facilitates implementation of an appropriate, individualized sentence and an effective command disciplinary program. At the same time, it protects an accused from a more severe sentence to confinement and financial deprivation if a discharge is adjudged. These results are not inconsistent with public policy.

Moreover, the record reflects that appellant was not averse to receiving a punitive discharge and had no intention of having her counsel argue against one. In an unsworn statement, she admitted that, contrary to her counsel's advice, "[A]ll I want to do now is get out [of the Army] and go home and be a wife to my husband and a mother to my sons." Appellant's "own sentence proposal is a reasonable indication of

its probable fairness to him." *United States v. Hendon,* 6 M.J. 171, 175 (C.M.A. 1979) (citation omitted). Under the circumstances, appellant has suffered no prejudice from the inclusion of the provision in the pretrial agreement.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge YAWN concur.