UNITED STATES, Appellee,

v.

Specialist Four Thomas R. HOLLCRAFT, SSN 307–66–8569, United States Army, Appellant.

SPCM 20036.

U.S. Army Court of Military Review.

30 April 1984.

Major Robert M. Ott, JAGC, Captain Rita R. Carroll, JAGC, and Captain Karen S. Davis, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Kurt J. Fischer, JAGC, were on the pleadings for appellee.

Before HANSEN, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting as a special court-martial of two specifications of absence without leave from 13 June 1983 to 5 July 1983, and from 6 July 1983 until 18 July 1983, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $380 pay per month for three months, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement at hard labor for 45 days, forfeiture of $380 pay per month for three months, and reduction to the grade of Private E–1.

Appellant asserts a number of errors on appeal, two of which warrant discussion. First, that he was unfairly prejudiced by a clause in the quantum portion of the pretrial agreement which made the Government's promise to limit confinement contingent upon a punitive discharge being adjudged. Secondly, appellant contends he was denied a fair trial when the Government provided the court members with a pamphlet which misstated the members' responsibility. Although we view both the contingent pretrial agreement and the court members' pamphlet with disfavor, we find no prejudice, and affirm.

In the text of the pretrial agreement, the convening authority agreed to approve no confinement at hard labor in excess of 45 days. However, the agreement also provided: "If no discharge is adjudged, the convening authority makes no agreement concerning any confinement he may approve." Appellant contends that this contingent clause violates public policy by chilling the presentation of evidence in extenuation and mitigation and his counsel's argument in favor of his retention in the service.

◼ It has long been recognized in the military justice system, that concepts applicable to contract law will not dominate the plea bargaining process. The Court of Military Appeals has consistently discouraged the use of expansive pretrial agreements, limiting pretrial bargaining to "charges, sentence and pleas." *United States v. Dawson*, 10 M.J. 142, 149 (C.M.A.1981). Due to the sensitive nature of plea negotiations, this Court has an obligation to carefully scrutinize the terms and impact of the pretrial agreement challenged by appellant.

We note that this Court has addressed this issue previously. In *United States v. Holmes*, 17 M.J. 830 (A.C.M.R.1984), one panel of this Court found "nothing wrong" with a clause identical to the one used in appellant's pretrial agreement. However, this opinion does not represent general acceptance by this Court of the punitive discharge clause. In several cases decided prior to the *Holmes* decision, other panels of this Court have upheld similar conditional clauses, but have also cautioned: "We view with disfavor and strongly discourage the use of the punitive discharge clause ...." *United States v. Sams*, CM 444066, slip op. at 3 (A.C.M.R. 30 Nov. 1983) (unpub); *United States v. Barnes*, C.M. 443959 (A.C.M.R. 23 Dec. 1983) (unpub).

◼ We continue to view with disfavor pretrial agreements of this type and recommend they not be used. However, we do not find prejudice in this case. We find no evidence to suggest that the appellant's opportunity to present evidence in extenuation and mitigation was "chilled" by the contingent agreement. While appellant, in

his unsworn statement, explained to the court members that he feared confinement more than a punitive discharge, he did not request to be discharged from the service. In her sentencing argument, appellant's trial defense counsel told the court members that appellant: "is ready to accept any punishment this court imposes ... [appellant] does not want to leave the Army." The defense counsel's argument did not "concede" the discharge. We find no possibility of prejudice.

■ Turning to the pamphlet provided the court members, we are convinced that even though the pamphlet contained misleading and erroneous information, appellant did not suffer prejudice.

The facts adduced at appellant's court-martial reveal that at some point prior to trial, a pamphlet entitled "Handbook for Members of Court-Martial Panel" was distributed to the court members. The first page of the handbook contained a forward signed by the Staff Judge Advocate for Fort Knox. The forward, in part, states:

This handbook has been prepared to generally acquaint the members of a court-martial panel with some of the basic rules of trial procedure .... Nothing in this handbook is to be regarded by a member as instructions of law or procedure to be applied in any court-martial.

The remaining five pages of the pamphlet contains a discussion of court-martial procedure and the responsibilities of court members.

Within the body of the handbook, the court members were advised that it is their responsibility for "maintaining law and order and upholding justice among their fellow men," and furthermore, "the members become part of the machinery of justice."

■ We agree with appellant's characterization of such language as erroneous and misleading. The only appropriate source of instructions on the law is the military judge. *United States v. Rinehart*, 8 U.S.C.M.A. 402, 24 C.M.R. 212, 216 (1957). We do not approve of the effort in this case to provide the court members

with a handbook that provided instruction upon their duties of members of the court. Regardless of the "rudimentary" nature of the handbook, it constituted an outside source of information on the law which cannot be countenanced. *See* Army Regulation 27–10, Military Justice, para. 5–10*c* (1 November 1982).

■ The Government relies upon paragraph 38*b*(1), Manual for Courts-Martial, United States 1969 (Revised edition) [hereinafter MCM, 1969] and *United States v. Johnson*, 14 U.S.C.M.A. 548, 34 C.M.R. 328 (1964) for the proposition that the instruction of prospective court members in "the substantive and procedural aspects of courts-martial" is expressly authorized. However, we note that *United States v. Johnson* and its predecessor, *United States v. Davis*, 12 U.S.C.M.A. 576, 31 C.M.R. 162 (1961) were predicated upon paragraph 38, Manual for Courts-Martial, United States, 1951, which expressly authorized the convening authority, through his staff judge advocate or legal officer, to "give general instruction to the personnel of a court-martial which he has appointed ...." This paragraph as well as Article 37, Uniform Code of Military Justice, 10 U.S.C. § 837 (1976) were changed significantly in the 1969 Revised edition of the Manual for Courts-Martial. Paragraph 38*b* (1) and Article 37, Uniform Code of Military Justice, 10 U.S.C. § 837 (1976), provide that "general instructional or informational courses in military justice" are not prohibited "if such courses are designed solely for the purpose of instructing *members of a command* in the substantive and procedural aspects of courts-martial." [Emphasis added]. Applying the legal maxim *expressio unius est exclusio alterius*, we find that the distribution of general instructional or informational pamphlets to court members is prohibited. However, we find that the military judge absolved the question of prejudice during voir dire, through his careful instructions and detailed examination of the court members.

■ Appellant also argues that the pamphlet utilized in this case raises the

appearance of improper command influence. We disagree, and find that the pamphlet provided the court members does not raise the appearance of command influence. *United States v. Johnson*, 34 C.M.R. at 331. Furthermore, the military judge ascertained during voir dire that the court members would disregard anything they may have read in the pamphlet and follow only the instructions he would give in open court. *See id.* We find no possibility of prejudice.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN absent.