UNITED STATES, Appellee,

v.

Private E–1 Sylvester CASTLEBERRY, Jr., SSN 488–72–7190, United States Army, Appellant.

SPCM 20111.

U.S. Army Court of Military Review.

28 Aug. 1984.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, and Captain Pamela O. Barron, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Major Patrick M. Flachs, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before SUTER, McKAY and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

SUTER, Chief Judge:

Arraigned before a special court-martial, military judge alone, on a charge of larceny in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921 (1982), the appellant pleaded guilty to and was convicted of the lesser included offense of wrongful appropriation in violation of the same punitive article of the UCMJ. He was sentenced to a bad-conduct discharge, confinement at hard labor for forty-five days and forfeiture of $200.00 pay per month for two months. The convening authority approved the sentence.

Before this Court, the appellant alleges that he was "unfairly prejudiced" by the terms of a pretrial agreement and that the factual predicate for his pleas of guilty was insufficiently developed by the military judge during the providence inquiry. We disagree and affirm.

Regarding the former assignment of error, the appellant contends that the pretrial agreement conditioned sentence relief by the convening authority upon the adjudication of a punitive discharge, thereby "chilling" the presentation of the defense case. More specifically, the appellant argues that he was constrained from arguing against the imposition of a bad-conduct discharge.

The offer portion of the pretrial agreement provided that in return for the specified sentence limitation, the accused agreed to plead guilty to the offense of wrongful appropriation of $200.00, the property of Specialist Four Mullen. Disclosure was made that the accused had made partial restitution in the amount of $160.00. The sentence-limitation clause obligated the convening authority to approve no sentence in excess of a bad-conduct discharge, confinement at hard labor for three months, forfeiture of two-thirds pay per month for three months and reduction to E–1 and, in addition, provided that in the event a punitive discharge was not adjudged, the convening authority could approve any lawfully imposed sentence.

At the outset, we note that the record of trial establishes that the agreement was freely and voluntarily entered into, and that the appellant has not suggested otherwise. Nor is there any evidence that Pri-

vate Castleberry at trial or at any other time during the initial review process attempted to avoid or withdraw from the agreement. Moreover, it is apparent that the pretrial agreement involved a tangible *quid pro quo*. In practical terms, the prosecution secured a conviction, albeit of a less serious offense, and conserved time, energy and money. The accused also obtained a speedy disposition of the pending criminal charge, obviated the stigma associated with a larceny conviction, and secured what appears to be a reasonable limitation on the approvable punishment.

■ Pretrial agreements are used extensively in the military justice system. Whereas such agreements are subject to careful appellate scrutiny, *United States v. Dawson*, 10 M.J. 142, 149 (C.M.A.1981) (Fletcher, J.), they are commonly upheld unless the accused has bargained away a fundamental right or otherwise abridged the right to a fair trial. The latter situation obtained in cases such as *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968) (a provision waiving any issue of speedy trial or denial of due process contrary to public policy and void); *United States v. Holland*, 1 M.J. 58 (C.M.A.1975) (a provision requiring entry of plea prior to presentation of evidence on the merits or presentation of motions going to matters other than jurisdiction unduly restrictive and void); and *United States v. Dawson, supra* (post-trial misconduct provision insufficiently clear to be enforceable).

Many other defense entitlements, on the other hand, may be negotiated away. *See e.g., United States v. Schaffer*, 12 M.J. 425 (C.M.A.1982) (pretrial agreement can be conditioned on waiver by accused of right to pretrial investigation under Article 32, UCMJ); *United States v. Schmeltz*, 1 M.J. 8 (C.M.A.1975) (entitlement to be sentenced by court-martial with members can be bargained away); *United States v. West*, 13 M.J. 800 (A.C.M.R.1982) (a provision whereby the accused agreed to waive the personal presence of a witness stationed in Korea not contrary to public policy).

■ Although the Court of Military Appeals has not ruled upon the validity of a sentence-limitation provision of the type under consideration in this case, this Court has done so on at least two occasions. In *United States v. Hollcraft*, 17 M.J. 1111 (A.C.M.R.1984), a panel of this Court expressed disfavor with clauses of this type and recommended that they not be used. No prejudice was found however, and the legal basis for the recommendation was not well developed. A different panel of this Court upheld a virtually identical provision in *United States v. Holmes*, 17 M.J. 830 (A.C.M.R.1984), *pet. denied* (C.M.A. 13 July 1984). Referring to the challenged provision, the latter panel explained its holding as follows:

> Besides involving the sentence only, it does not purport to coerce an accused in the exercise of any rights, fundamental or otherwise .... Ultimately, it facilitates implementation of an appropriate, individualized sentence and an effective command disciplinary program. At the same time, it protects an accused from a more severe sentence to confinement and financial deprivation if a discharge is adjudged. These results are not inconsistent with public policy.

*Id.* at 831. This view, in our opinion, is better reasoned and more in accord with recent pronouncements from the Court of Military Appeals on the subject of pretrial agreements. For example, in *United States v. Kazena*, 11 M.J. 28, 33 (C.M.A. 1981), Judge Fletcher recognized that "the realities of our criminal justice system ... dictate that some flexibility be afforded prosecutorial authorities in the good-faith performance of their duties." Similarly, Chief Judge Everett recently indicated that "[a]s long as the trial and appellate processes are not rendered ineffective and their integrity is maintained, ... some flexibility and imagination in the plea-bargaining process have been allowed by our Court." *United States v. Mitchell*, 15 M.J. 238, 241 (C.M.A.1983) (Everett, C.J., concurring).

The appellant received what he bargained for after entering into the agreement voluntarily and knowingly. We do not regard this to be unfair even though appellant's ability to argue for a certain type of sentence may have been affected adversely. His real complaint is that he was deprived of the tactic of asking the court-martial to impose lengthy confinement at hard labor but no discharge after having limited such confinement under the terms of the pretrial agreement. Fairness applies to both sides. The government's interest in pretrial agreements also warrants protection where it enters into an agreement to prevent an accused from employing certain defense tactics. This is a far cry from depriving him of a fundamental right. Moreover, had appellant felt the burdens of the negotiated bargain too onerous, he could have withdrawn from the agreement. He did not do so. Because the agreement was fairly negotiated and is not legally infirm, we see no reason to afford him that advantage at this late date.

The remaining assignment of error is without merit.

The finding of guilty and the sentence are affirmed.

Senior Judge McKAY and Judge WATKINS concur.