UNITED STATES, Appellee,

v.

Specialist Four Gregory D. SANDERS, 450–33–4429, United States Army, Appellant.

No. SPCM 19863.

U.S. Army Court of Military Review.

28 Feb. 1985.

Major Robert M. Ott, JAGC, Major Stephen R. Dooley, JAGC, and Captain Paul E. Conrad, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

OPINION OF THE COURT

NAUGHTON, Judge:

Appellant contends that he was prejudiced by the sentence limitation terms of the pretrial agreement which were operative only if a punitive discharge was adjudged. In light of *United States v. Castleberry*, 18 M.J. 826 (ACMR 1984), and *United States v. Holmes*, 17 M.J. 830 (ACMR), *pet. denied*, 18 M.J. 438 (CMA 1984), we find this contention to be without merit. Such provisions are not violative of public policy. We have considered the remaining assignments of error and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge COHEN concurs.[1]

WOLD, Senior Judge, concurring in the result:

The pretrial agreement in this case provided, "If no discharge is adjudged, the Convening Authority makes no agreement concerning any confinement he may approve." Appellant originally offered a pretrial agreement which did not include such a clause, submitting an offer which contained the disputed clause only after his original offer was rejected. All other terms of the two offers were the same. The case was tried at Fort Knox, Kentucky, during a period when the clause was routinely required by the Government as a prerequisite to any pretrial agreement. Following my analysis in *United States v. Cross*, 19 M.J. 973 (A.C.M.R.1985), I would hold that the clause violates public policy, since it tends to inhibit the sentencing function of the trial court by suppressing relevant evidence and argument and since the facts in this case will not support a finding that the clause was voluntarily initiated by appellant. *Id.* at 976–977. Prejudice would be absent if appellant elected to pursue a punitive discharge for his own reasons rather than because of the disputed clause or if

1. Judge Robert E. Cohen took final action on this case prior to his retirement from active

service.

appellant presented his case against a punitive discharge despite the disputed clause. In either of these situations the clause would have had no effect on the evidence or argument.

Appellant's offense was committed only two months prior to the expiration of his term of service and appellant was held beyond his original discharge date to stand trial. Appellant presented stipulated testimony opposing a punitive discharge, but specifically elected also to submit stipulated testimony by a command sergeant major who favored a sentence consisting of a bad-conduct discharge only. Appellant then made an unsworn statement that "under the circumstances I wish I could just be put out of the Army and try to start over and make me a new life for myself." Trial defense counsel argued against a punitive discharge and against confinement.

My reading of the evidence does not persuade me that appellant elected to pursue a punitive discharge for his own reasons, but I am persuaded that he presented his best case in extenuation and mitigation despite the presence of the disputed clause in the pretrial agreement. As noted, appellant's argument and the bulk of his evidence opposed a punitive discharge. It is evident to me that appellant desired the least sentence he could obtain and for this reason offered the command sergeant major's highly favorable comments about appellant's duty performance despite the fact that they were coupled with a recommendation for imposition of a bad-conduct discharge, particularly since the command sergeant major recommended no confinement or ancillary punishment. Taken in context with the fact that appellant's original term of service had expired, the quoted portion of appellant's unsworn statement suggests a request for an administrative rather than a punitive discharge.

I am satisfied that appellant suffered no prejudice from the disputed clause and that the remaining assignments of error are without merit. *See United States v. Witherspoon,* 19 M.J. 978 (ACMR 1985). I therefore concur in affirming the findings of guilty and the sentence.