**UNITED STATES, Appellee,**

v.

**Sergeant First Class Roland R. COSTA, 029–40–1267, United States Army, Appellant.**

**CM 444448.**

U.S. Army Court of Military Review.

28 Feb. 1985.

Lieutenant Colonel William P. Heaston, JAGC, Major Lawrence F. Klar, JAGC, and Captain David J. Pels, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

COHEN, Judge:[1]

Appellant contends that he was prejudiced by the sentence limitation terms of the pretrial agreement which were operative only if a punitive discharge was adjudged. In light of *United States v. Castleberry*, 18 M.J. 826 (ACMR 1984), and *United States v. Holmes*, 17 M.J. 830 (ACMR), *pet. denied*, 18 M.J. 438 (CMA 1984), we find this contention to be without merit. Such provisions are not violative of public policy. We have also considered the remaining assignments of error and find them to be without merit.

The findings of guilty and the sentence are affirmed.

NAUGHTON concurs.

WOLD, Senior Judge, concurring in the result:

As indicated in my opinion in *United States v. Cross*, 19 M.J. 973 (ACMR 1985), I believe that clauses in pretrial agreements like the one in question violate public policy except where an accused voluntarily initiates the inclusion of the contested clause. As in *Cross*, this case was tried in a jurisdiction where the clause was routinely required by the Government as a prerequisite to any pretrial agreement and the record contains no reliable evidence that appellant initiated the clause. Therefore, I would hold that the clause violated public policy.

With respect to whether appellant suffered any prejudice, appellant's assertions and the conduct of his case provide mixed signals about whether he desired a punitive discharge for his own reasons. In addition, I am unable to conclude that the presence of the clause did not actually inhibit the presentation of evidence and argument against a punitive discharge. Nowhere did appellant explicitly assert his rehabilitation potential, nor did he call character witnesses on that point, although his prior record is such that a case could have been made along those lines. Defense counsel, arguing on sentence, contented himself with an argument in favor of a bad-conduct discharge rather than a dishonorable discharge if the court were to decide that a punitive discharge "is in order".

However, I am persuaded that the strongest evidence and argument which could have been presented by this appellant would not have persuaded the trial judge to impose a sentence which did not include a punitive discharge. Appellant was a Sergeant First Class with fifteen years' service, assigned as a drill sergeant, who knowingly and repeatedly sold marijuana to high school students who were military dependents. In addition, it was apparent that appellant was in the marijuana business near the military installation where he trained the soldiers placed in his care and that he sold his wares for further resale. Accordingly, I would hold the error harmless and I join in affirming the findings of guilty and the sentence.

I concur with my brothers in the disposition of the remaining issues.

---

1. Judge Robert E. Cohen took final action on this case prior to his retirement from active service.