**UNITED STATES, Appellee,**

v.

**Private (E-1) Darcelle G. WORDLOW (aka Darcelle G. Greene), 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, United States Army, Appellant.**

**SPCM 20018.**

U.S. Army Court of Military Review.

28 Feb. 1985.

---

1. Judge Robert E. Cohen took final action on this case prior to his retirement from active service.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain L. Sue Hayn, JAGC, and Captain Barry Rothman, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Appellant contends that he was prejudiced by the sentence limitation terms of the pretrial agreement which were operative only if a punitive discharge was adjudged. In light of *United States v. Castleberry*, 18 M.J. 826 (ACMR 1984), and *United States v. Holmes*, 17 M.J. 830 (ACMR), *pet. denied*, 18 M.J. 438 (CMA 1984), we find this contention to be without merit. Such provisions are not violative of public policy.

Appellant also contends that the convening authority erred in failing to grant appellant administrative credit for pretrial confinement served. *See United States v. Allen*, 17 M.J. 126 (CMA 1984). We need not now rule on this matter. *See United States v. Clark*, 17 M.J. 431 (CMA 1984) (summary disposition).

The findings of guilty and the sentence are affirmed.

Judge COHEN concurs.[1]

WOLD, Senior Judge, concurring in part and dissenting in part:

This case involves a clause in a pretrial agreement similar to that discussed in *United States v. Cross*, 19 M.J. 973 (A.C. M.R.1985), *i.e.*, "If no discharge is adjudged, the Convening Authority makes no agreement concerning any confinement he may approve." The case was tried at Fort Knox, Kentucky.

At trial, appellant put on no evidence in extenuation or mitigation, but made an unsworn statement as follows:

> Sir, I know I made a mistake and I think I've been punished enough for that mistake. I've already done some time in confinement. I've lost all my rank and most of my money. I'm getting—probably getting a BCD which takes all my benefits when I get out. I have learned from this mistake. *All I want to do is get out and go to Germany and be with my husband and get a fresh start in life.* I would appreciate if you took this into consideration before making a final decision.... (Emphasis supplied).

Trial defense counsel stated that appellant "accepts the fact that a bad-conduct discharge is probably most likely in this case," arguing that it would be sufficient punishment when coupled with the stigma of a conviction and the time spent in pretrial confinement. He then argued in closing, "Your Honor ... if you deem that a bad-conduct discharge is appropriate, the defense would contend that maybe it's time for all parties to cut their losses and simply

---

1. Judge Robert E. Cohen took final action on this case prior to his retirement from active service.

allow Private Wordlow to leave the Army...."

As stated in *Cross,* I believe the disputed clause violates public policy unless voluntarily initiated by the accused. As in *Cross,* this case contains no reliable evidence that appellant initiated the inclusion of the disputed clause, but was tried in a jurisdiction where the clause was routinely required by the Government as a prerequisite to any pretrial agreement.

The next question is whether appellant was prejudiced by the inclusion of the disputed clause. The italicized portion of appellant's unsworn statement may be read to suggest that she wanted a punitive discharge for her own reasons and therefore that the presence of the clause had no effect on her case. However, her statement may also be reasonably read as a statement of her assessment of the probable sentence rather than of her personal desires. The other circumstances of the case are also equivocal. Since I am not satisfied that appellant would not have put on additional sentencing evidence or argument if the disputed clause had not been included, I would affirm the findings of guilty and authorize a sentence rehearing, or, in the alternative, set aside the bad-conduct discharge. I agree with my brothers' disposition of the remaining issue.