UNITED STATES, Appellee

v

JAMES E. TOUTGES, Private First Class,

U. S. Army, Appellant

13 USCMA 425, 32 CMR 425

No. 15,982

January 4, 1963

Captain Thomas Stapleton argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel Ralph Herrod and Captain David M. Gill.

Captain Peter J. McGinn argued the cause for Appellee, United States. With him on the brief was Major Francis M. Cooper.

## Opinion of the Court

KILDAY, Judge:

Captain Joseph Moore, the victim in the case at bar, was in a German railroad station on the night this assault occurred. He was attired in civilian clothing. Toutges, the accused, who had been drinking and was in improper uniform, approached Moore and belligerently demanded to know "What unit are you from, buddy?" The captain attempted to ignore him, but accused persisted and invited Moore "to step outside." At that juncture Moore identified himself to accused as a commissioned officer and displayed his identification card. He told Toutges to return to his unit, and the latter departed.

Unfortunately, however, that was not the end of the matter. Very shortly

425

thereafter, when Moore left the station, accused again approached him in a hostile attitude. Once again the victim identified himself as an Army officer and told accused to desist. Instead, Toutges jostled and struck the captain. This attack was broken off and Moore re-entered the station. Shortly afterward, when the latter once more came out and headed toward his hotel, accused renewed the assault. He "appeared from behind a corner" and struck Captain Moore numerous blows.

As a result of his acts on the night in question, accused was charged with assaulting a commissioned officer, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Upon his trial by general court-martial, he pleaded guilty. The court members returned findings consistent with that plea, and sentenced accused to dishonorable discharge, total forfeitures, confinement at hard labor for three years, and reduction in grade to Private E-1. The convening authority reduced the period of confinement to one year, but otherwise approved the conviction and sentence, and a board of review in the office of The Judge Advocate General of the Army affirmed. Thereafter, accused sought review in this Court, and we granted his petition in order to consider a single assignment of error.

The defense concedes—as, of course, it must—that a valid finding of guilty of assault and battery, under Article 128, Uniform Code of Military Justice, 10 USC § 928, is made out by this record. However, pointing out that the specification here involved does not allege that the victim was in the execution of his office, appellate defense counsel urge that the acts to which accused pleaded guilty constitute nothing more serious than the last-mentioned crime. In short, it is contended that Congress, by enacting Article 90, Uniform Code of Military Justice, 10 USC § 890,[1] has already acted in the area of assaultive conduct toward commissioned officers, and thereby pre-empted

the area, except insofar as Article 128 of the Code, supra, is involved. We are urged to hold, therefore, that assault on a commissioned officer not in the execution of his office does not constitute a cognizable offense in violation of the General Article of the Uniform Code.

It will be recognized at once that the issue before us in the present instance is a variation of the situation with which this Court was concerned fairly recently in United States v McCormick, 12 USCMA 26, 30 CMR 26. And, indeed, the question of pre-emption has been before the Court on numerous occasions since it was first considered here in United States v Norris, 2 USCMA 236, 8 CMR 36. No good purpose would be served by reciting all the various circumstances under which the issue, in its different aspects, has been before us, for we deem it abundantly clear that the position advocated by the defense in the case at bar must be rejected.

The situation with which we are presently concerned is obviously to be distinguished from United States v Norris, supra; and United States v Johnson, 3 USCMA 174, 11 CMR 174. There we found an intent by Congress to blanket the entire field but, manifestly, such is not the case here. Thus, we note that prior to the adoption of the Uniform Code of Military Justice, just as presently, the services recognized and provided specific punishment for the offense of assault on an officer *not* in the execution of his office, even though assault on a superior officer in the execution of his office was also separately proscribed by another statute.

This was so in the Navy where the latter crime was denounced by paragraph 3 of the 4th Article for the Government of the Navy, and the former offense recognized as a violation of paragraph 3 of Article 8. And punishments for both these wrongful acts, and for other assaults, were specifically prescribed in the Schedule of Offenses and Limitations, Naval Courts and Boards, 1937, § 457, at pages 233 and 234.

Likewise, the same situation existed under the Elston Act. Article of War 64 proscribed assault on a superior of-

---

[1] It proscribes, *inter alia*, assault on a superior officer acting *"in the execution of his office."* [Emphasis supplied.]

ficer in the execution of his office, and the Table of Maximum Punishments set forth the penalty therefor. See paragraph 117c, Manual for Courts-Martial, U. S. Army, 1949, at page 135. On the other hand, assault on a commissioned officer not in the execution of his office was recognized—aside and apart from simple assault—as a violation of the then General Article, Article of War 96, and the penalty for this offense was specifically prescribed. See Manual for Courts-Martial, U. S. Army, 1949, supra, paragraph 117c, at page 138.

With that practice extant under the statutes in force prior to the Uniform Code, we surely cannot find any indication of Congressional intent to change the situation and pre-empt the field when, by the newly enacted statutes, the pattern was perpetuated and ratified. The present Manual merely continues a practice already sanctioned under prior law in its express recognition of the questioned offense for which accused was convicted on his guilty plea. And, unlike the situation in *Norris*, supra, there is set forth a sample specification; the offense is listed in the Table of Maximum Punishments; and it is also listed in the Table of Commonly Included Offenses. See Manual for Courts-Martial, United States, 1951, Appendix 6, page 488; paragraph 127c, page 224; Appendix 12, page 537.

Additionally, we point out the requirement that, to establish assault on a commissioned officer not in the execution of his office, it is incumbent on the prosecution to prove not only the identity of the victim and that the accused was aware thereof, but also that the act was service discrediting or to the prejudice of good order and discipline. In this connection we note, parenthetically, that the absence of circumstances indicative of an intent by the the the Congress, with regard to the offense here in question, to pre-empt the field is hardly surprising. Indeed, it requires little perspicacity to envisage the detrimental impact which assault on a commissioned officer has on the order and discipline of the services. The offense strikes at the very foundation of the system. The potentiality for harm is obviously more serious than in the case of a simple infraction of Article 128 of the Code, supra. And proof of elements in addition to those necessary to make out the last-mentioned delict is required to support the questioned offense.

For those reasons we hold that the offense here involved must be classed with other assaults we have indicated may properly lie under the General Article. See United States v Gittens, 8 USCMA 673, 25 CMR 177; United States v Lawrence, 8 USCMA 732, 25 CMR 236. Indeed, in United States v LaCount, 13 USCMA 160, 32 CMR 160, where we were recently concerned with the offense of assaulting an officer not in the execution of his office, a unanimous Court indicated as much. Accordingly, we are constrained to rule adversely to accused on his assignment of error.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.