UNITED STATES, Appellee

v

PATRICK JOHN TAYLOR, Seaman Recruit,
U. S. Navy, Appellant

17 USCMA 595, 38 CMR 393

■■■■■■■■■■

■■■■■■■■■■■

No. 20,873

June 28, 1968

■■■■■■■ ■■■■■■■

■■■

*Major L. G. Bohlen,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Warren K. Morgens,* USNR.

*Lieutenant Steven A. Weidner,* USNR, argued the cause for Appellee, United States. With him on the brief were *Colonel C. R. Larouche,* USMC, and *Captain R. S. Gasiorowski,* USMCR.

## Opinion of the Court

QUINN, Chief Judge:

The accused's conduct while incarcerated in the brig at the United States Naval Supply Depot, Seattle, Washington, led to his trial and conviction by a general court-martial for a number of offenses in violation of the Uniform Code of Military Justice. He appealed to this Court on two assignments of error. While the appeal was pending, he filed a petition for a new trial under the provisions of Article 73, Code, supra, 10 USC § 873. That application was denied.

In his first assignment of error, the accused challenges the legality of the findings of guilty as to Charge III. Originally, that charge alleged an act of malingering, as a violation of Article 115, Code, supra, 10 USC § 915. In usual form, the specification averred that, for the purpose of avoiding service, the accused did "intentionally injure himself by slashing his lower arms with a razor blade." At an out-of-court hearing, at which proposed instructions were considered, defense counsel concurred in the law officer's observation that included within the charge was the lesser offense of intentional injury, without a purpose to avoid service but under circumstances to the prejudice of good order and discipline, in violation of Article 134, Code, supra, 10 USC § 934. According to the evidence, the accused had superficially slashed his arms with a razor blade in the presence

of two cell mates, representing at the time that he wanted to outdo the performance of another inmate who had engaged in the same activity on an earlier occasion. Thereafter, the law officer instructed the court as to this lesser offense and, as authorized by the instructions, the court-martial found the accused not guilty of the allegation as to the purpose of the injury, but guilty of being "disorderly to the prejudice of good order and discipline in the armed forces."

On this appeal, the accused contends that Congress intended Article 115 to cover the entire range of self-inflicted injuries and, consequently, if an act of self-injury does not fall within the specific proscription of the Article, it cannot be charged as conduct to the prejudice of good order and discipline, in violation of Article 134. In other words, in defense counsel's view, Congress intended Article 115 to preempt the field for all intentional self-injury. See United States v Norris, 2 USCMA 236, 8 CMR 36; United States v Hallett, 4 USCMA 378, 15 CMR 378; cf. United States v Toutges, 13 USCMA 425, 32 CMR 425. The contention has divided military legal authorities. On the one hand, it has been held that "a self-inflicted injury which does not fall within Article 115 may not be punished under Article 134." United States v Jacobs, 20 CMR 458, 460; 5 Digest of Opinions, Malingering, § 11.5. Oppositely, it has

been determined by several boards of review, including the one below, that a self-inflicted injury without a purpose to avoid service constitutes prejudice to good order and military discipline, in violation of Article 134. United States v Calo, 19 CMR 903; United States v Burke, 14 CMR 365.

Article 115 reads as follows:

"Any person subject to this chapter who for the purpose of avoiding work, duty, or service—

(1) feigns illness, physical disablement, mental lapse or derangement; or

(2) intentionally inflicts self-injury;

shall be punished as a court-martial may direct."

There is virtually no legislative "history." The Article is not directly mentioned by any witness in the hearings before the Congressional subcommittees considering the Uniform Code. See Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, 1st Session; Hearings before Senate Armed Services Committee on S. 857 and H. R. 4080, 81st Congress, 1st Session. The report of the respective committees is also unilluminating. The commentary on the Article, prepared by the committee headed by Professor Edmund M. Morgan, Jr., which drafted the original proposals for the Uniform Code, contains only a citation to proposed articles for the Government of the Navy. See Hearings, House Armed Services Committee, *op. cit.*, at page 1231. There is, therefore, nothing in the legislative background of Article 115 to compel the conclusion that Congress intended to restrict criminal responsibility for self-injury to those acts delineated in the Article.

Before enactment of the Uniform Code, it had been held that deliberate self-injury could be punished as conduct to the prejudice of good order, regardless of whether the injury was done for the specific purpose of shirking military duty. United States v Main, 72 BR 13; United States v Wilburn, 46 BR 361; see also Court-Martial Orders, Navy Department, 2–1939, at pages 150–151. Without necessarily agreeing with the reasoning that led to these earlier rulings, it is indisputable that they represented the prevailing law at the time of the enactment of the Uniform Code. Nothing in the language, or the arrangement, of Article 115 indicates that Congress intended to eliminate the existing offense and substitute as exclusively punishable acts those defined in Article 115. In this regard, the situation is comparable to that represented in the *Toutges* case. There, it was contended that no prosecution could be brought for an assault upon an officer not in the execution of his office because Congress had preempted the field of assaults against an officer in Article 90, Code, supra, 10 USC § 890, which proscribed assault upon an officer in the execution of his office. We rejected the contention. Similarly, in United States v Fuller, 9 USCMA 143, 25 CMR 405, we determined that the delineation of acts of arson in Article 126, Code, supra, 10 USC § 926, did not bar prosecution under Article 134 for the burning of property with the intent to defraud an insurance company. See also United States v Barnes, 14 USCMA 567, 34 CMR 347. In a sense, Article 115 is subjective in that it deals with the accused's state of mind at the time of his self-injury. Article 134, however, has an objective orientation in that it is calculated to preserve good order and discipline, without necessarily considering the particular mental attitude of the accused in committing a disruptive act. In our opinion, a court-martial could reasonably find that ▪ the accused's conduct in the circumstances had a direct adverse effect upon the good order and discipline of the command. We conclude, therefore, that Article 115 does not preempt the spectrum of self-inflicted injuries, and that the findings of guilty made by the court-martial were legal under the pleadings and proof.

In the second assignment of error, the accused contends that the ▪ law officer's instructions on the sentence were prejudicially deficient in that they did not

advise the court-martial of the matters in evidence that it could properly consider in determining a fair and just sentence. See United States v Wheeler, 17 USCMA 274, 38 CMR 72. The Government concedes the inadequacy of the instructions, but maintains that the error was not prejudicial to the accused. See United States v Mabry, 17 USCMA 285, 38 CMR 83. We have carefully considered the circumstances reflected in the record of trial and have concluded that we cannot safely pass over the instructional error as inconsequential. United States v Parker, 17 USCMA 545, 38 CMR 343.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the board of review for reassessment of the sentence, in light of our opinion in the *Wheeler* case.

Judges FERGUSON and KILDAY concur.