UNITED STATES, Appellee

v

LEWIS W. BRADY, Private, U. S. Marine Corps, Appellant

17 USCMA 614, 38 CMR 412

No. 20,963

June 28, 1968

*Lieutenant David E. Miller*, USNR, argued the cause for Appellant, Accused. With him on the brief was *Captain W. H. Hogan, Jr.*, USNR.

*Lieutenant Steven A. Weidner*, USNR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche*, USMC.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Camp Pendleton, California, charged with absence without leave (six specifications), escape from confinement, and breaking restriction (three specifications), in violation of Articles 86, 95 and 134, Uniform Code of Military Justice, 10 USC §§ 886, 895 and 934, respectively. He pleaded guilty, was found guilty as charged, and sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for three years. The convening authority approved the findings and sentence but reduced the period of confinement to eighteen months, in accordance with a pretrial agreement. The board of review, with one member concurring in the result, affirmed the findings and sentence.

We granted review to consider counsel's assertion that: (1) The pretrial agreement is repugnant to public policy; and (2) the law officer failed to tailor his presentencing instructions to the evidence.

The pretrial agreement, alleged by counsel to be repugnant to public policy (United States v Cummings, 17 USCMA 376, 38 CMR 174), is attached to the record as Appellate Exhibit 1. It is eleven pages in length and contains, among other things, a stipulation of fact and a chronology of events. On page 11 the following appears:

"3. The issues of lack of speedy trial and denial of due process of law based upon the time required to bring this case to trial have been considered by the accused and by defense counsel. For the purpose of scheduling this case for trial, it is anticipated at this time that neither of these issues will be raised at trial. Although this stipulation should not be construed as a waiver of these issues, it is expressly understood by the accused and by defense counsel that failure to raise these issues at the time of trial may be deemed an informed and deliberate waiver."

Appellate defense counsel assert that this provision is similar to that found in United States v Cummings, supra, where we reversed, and urge similar action here.

In *Cummings*, at page 378, the pretrial agreement provided that:

" 'The accused waives any issue which might be raised which is premised upon the time required to bring this case to trial (and specifically waives any issue of speedy trial or of denial of due process).' "

It is at once apparent that the pertinent provisions in the agreements

615

in *Cummings* and in the case at bar are substantially different. ▉▉▉▉▉ ▉ While both refer to a waiver of a statutory and a constitutional right (see generally Articles 10 and 33, Uniform Code of Military Justice, 10 USC §§ 810 and 833, and United States Constitution, Amendment VI), the current agreement goes further and contravenes the specific waiver asserted in *Cummings*. Here, contrarily, the stipulation was not to be considered as a waiver—rather, it was "expressly understood by the accused and by defense counsel that *failure to raise these issues at the time of trial* may be deemed an informed and deliberate waiver." (Emphasis supplied.)

The record of trial presents an even more compelling reason for a different result in this case than in *Cummings*. Whereas, in *Cummings,* little was said about the terms of the pretrial agreement during the law officer's inquiry into the providence of that accused's plea, ·in the case at bar, the law officer, after perusing the pretrial agreement, inquired of the appellant whether his counsel had explained to him his right to raise the issue of lack of speedy trial. Receiving an affirmative reply, he continued:

"LO: Now I note that you have been confined here since 13 April; is that correct?

"ACCUSED (Brady): Yes, sir, I have.

"LO: A period of more than four months?

"ACCUSED (Brady): Yes, sir.

"LO: And you realize that if you raise an issue of speedy trial, there is a possibility, based upon the evidence that I would have to hear regarding this issue, that I might direct that all charges against you be dismissed, and that you be returned to duty? Do you understand that?

"ACCUSED (Brady): Yes, sir.

"LO: Do you understand that you have the right to raise that issue?

"ACCUSED (Brady): Yes, sir.

"LO: And you have discussed that with your defense counsel?

"ACCUSED (Brady): Yes, sir.

"LO: Now, after the court has reconvened, you will be asked to plead in open court. Now, do you have any questions concerning any of the facts I have discussed with you?

"ACCUSED (Brady): No, sir, I don't.

"LO: Do you have any questions concerning the Stipulation of Facts that has been shown me, the Chronology of dates that has been shown me, and your indicated waiver of your right to raise the issue of a speedy trial?

"ACCUSED (Brady): No, sir, I don't."

Even were we to hold that the mere inclusion in a pretrial agreement of *any* reference to a waiver of the issue of speedy trial (and due process based upon the time required to bring the case to trial) was void as repugnant to public policy that would not settle the matter for the issue is personal and can be waived. United States v Hounshell, 7 USCMA 3, 21 CMR 129. See also United States v Schalck, 14 USCMA 371, 34 CMR 151. We so hold in this case.

We cannot leave this issue without reiterating our belief, as set forth in *Cummings,* ·at page 380, that "pretrial agreements are properly limited to the exchange of a plea of guilty for approval of a stated maximum sentence." ·Other matters should be left for the court-martial and appellate authorities to resolve and not be made the subject of unwarranted pretrial restrictions. We specifically point out that the inclusion of these unwarranted provisions will not serve to waive an accused's requirements before any appellate body. See United States v Cummings, supra; United States v Ponds, 1 USCMA 385, 3 CMR 119.

616

In the second assignment of error, the appellant contends that the law officer's instructions on the sentence were prejudicially deficient in that they did not advise the court-martial of the matters in evidence that they could properly consider in determining a fair and just sentence. See United States v Wheeler, 17 USCMA 274, 38 CMR 72. The Government concedes the inadequacy of the instructions, but maintains that the error was not prejudicial to the appellant. See United States v Mabry, 17 USCMA 285, 38 CMR 83. We have carefully considered the circumstances reflected in the record of trial and have concluded that we cannot safely pass over the instructional error as inconsequential. United States v Parker, 17 USCMA 545, 38 CMR 343; United States v Hudson, 17 USCMA 383, 38 CMR 181; United States v Taylor, 17 USCMA 595, 38 CMR 393.

The decision of the board of review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the board of review for reassessment of the sentence in light of our opinion in *Wheeler*.

Chief Judge QUINN and Judge FERGUSON concur.