UNITED STATES, Appellee,

v.

Private E1 Darren L. SUMBRY, 375–86–8568, United States Army, Appellant.

ACMR 9002387.

U.S. Army Court of Military Review.

15 July 1991.

---

For Appellant: Captain Timothy P. Riley, JAGC, Captain Cynthia J. Rapp, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before FOREMAN, HAESSIG and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial convicted the appellant, in accordance with his pleas, of aggravated assault, attempted adultery, and sodomy, in violation of Articles 128, 80, and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 880, and 925 (1982). The approved sentence provides for confinement for two years and forfeiture of $350.00 pay per month for 24 months.

The appellant pleaded guilty pursuant to a pretrial agreement, in which he agreed "to waive any motion for dismissal for a speedy trial violation." When the military judge expressed concern about the validity of the waiver, the trial defense counsel explained,

I discussed this fully with my client and we discussed—There is some dispute, of course, in probably the facts and the law about speedy trial and while we feel the motion [to dismiss for lack of speedy trial] was filed in good faith, which it was, and that the motion is capable of litigation, that it was in the best interests of the accused to enter into such a pretrial agreement. The offer was made

and initiated by the defense team, in conjunction with the pretrial agreement, with the feeling that without this particular provision that a favorable pretrial agreement would not be reached.

The military judge then inquired of the appellant as follows:

MILITARY JUDGE: Now your attorney has said that because she views the issue as being a close issue, one that could cut either way, that she and you have discussed the decision to waive speedy trial very carefully and the way you needed to put this in your agreement to sweeten the pot, so to say, to the government and this originated with you. Do you agree with that?

ACCUSED: Yes. I do, sir.

MILITARY JUDGE: And do you waive any motion for dismissal on speedy trial issues?

ACCUSED: Yes, sir.

MILITARY JUDGE: Very well.

The trial defense counsel then advised the military judge that the appellant intended to withdraw all motions if the guilty plea were to be accepted.

A provision of a pretrial agreement purporting to waive speedy trial is void and unenforceable. *United States v. Cummings,* 38 C.M.R. 174 (C.M.A.1968); Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 705(c)(1)(B). It makes no difference whether such a waiver is demanded by the government or unilaterally offered by the defense to gain bargaining leverage. *United States v. Hobart,* 22 M.J. 851 (A.F.C.M.R.1986).

We have considered *United States v. Brady,* 38 C.M.R. 412 (C.M.A.1968), cited by government appellate counsel, and consider it inapplicable to the facts of the case before us. In *Brady,* the offer to plead guilty merely recited that, at the time of the offer, speedy trial had been considered and a motion to dismiss was not anticipated. At trial, Brady adhered to his decision not to raise speedy trial, after being advised that failure to raise the issue waived it. In the case before us, the appellant asserted, both before the agreement was

negotiated and during the military judge's inquiry concerning the terms of the agreement, that there was a viable speedy trial issue which the defense was waiving to gain bargaining leverage.

After reviewing the record, we are unable to say, as the Court of Military Appeals was able to find in *United States v. Pratt*, 38 C.M.R. 262 (C.M.A.1968), that the error was harmless. Accordingly, we must order further proceedings to determine whether the appellant was denied his right to a speedy trial.

The record of trial is returned to The Judge Advocate General for remand to the same or a different convening authority for a hearing on the speedy trial issue. The convening authority will refer the record to a general court-martial for a limited hearing to determine whether the appellant was denied his right to a speedy trial. The military judge of the court-martial, under the provisions of Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), will hear the respective contentions of the parties on the matter, permit the presentation of witnesses and evidence in support thereof, and enter findings of fact and conclusions of law. At the conclusion of the proceedings, the record with an authenticated verbatim transcript of the hearing will be returned to The Judge Advocate General for further review by this court.

Judge HAESSIG and Judge HAGAN concur.