**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**


U N I T E D   S T A T E S,         )         **Misc. Dkt. No. 2014-02**
            **Appellant**     )
                         )
         v.             )
                         )         **ORDER**
**Master Sergeant (E-7)**   )
**JOHN R. LONG,**         )
**USAF,**                  )
           **Appellee**      )         **Special Panel**


MITCHELL, Senior Judge:

The appellee was charged with, inter alia, two specifications alleging the appellee used a computer communication system to importune a person under 18 years of age to engage in sexual contact with him and two specifications alleging he provided a sexually oriented image to a person under 18 years of age. The four specifications alleged these actions were in violation of Mississippi state law under clause 2 of Article 134, UCMJ, 10 U.S.C. § 934. The specifications were not charged under clause 3 of Article 134, UCMJ, as violations of the Assimilative Crimes Act, 18 U.S.C. § 13. The military judge determined the offenses alleged in the four specifications were preempted by Article 120, UCMJ, 10 U.S.C. § 920, and dismissed them with prejudice. The Government appealed her ruling under Article 62, UCMJ, 10 U.S.C. § 862.

*Jurisdiction and Standard of Review*

The United States may appeal, in a trial by court-martial in which a punitive discharge may be adjudged, "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." Article 62(a)(1)(A), UCMJ. In this case, one charge consisting of seven specifications was referred to a general court-martial and served on the appellee on 27 January 2014. The specifications, each alleging a violation of Article 134, UCMJ, are as follows: three specifications of indecent language, two specifications of importuning a person under 18 years of age to engage in sexual contact, and two specifications of providing a sexually oriented image to a person under 18 years of age. An additional charge and specification was referred on 12 March 2014, also alleging a violation of Article 134, UCMJ, for soliciting a person under 18

years of age to distribute child pornography.[1] Each of the three specifications of indecent language carries a maximum punishment that includes a punitive discharge. *Manual for Courts-Martial* (*MCM*), *United States*, Part IV, ¶ 89, (2012 ed.).[2] Because a punitive discharge may be adjudged at the court-martial, we have jurisdiction.

In appeals under Article 62, UCMJ, we review matters of law de novo and, in ruling, "may act only with respect to matters of law." Article 62(b), UCMJ, 10 U.S.C. § 862(b). On matters of fact, we are bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). "Nonetheless, in entering a finding of fact, the military judge must rely on evidence of record which fairly supports that finding; in the absence of *any* such evidence, the finding is error as a matter of law." *United States v. Bradford*, 25 M.J. 181, 184 (C.M.A. 1987). "The courts may make a de novo ad hoc judgment on the meaning of relevant facts when dealing with constitutional issues." Francis A. Gilligan & Fredric I. Lederer, *Court-Martial Procedure* § 25-83.00 (2d ed. 1999) (citing *United States v. Abell*, 23 M.J. 99, 102-03 (C.M.A. 1986)).

*Preemption*

By its text, Article 134, UCMJ, applies to offenses "not specifically mentioned in [Chapter 47 of Title 10, UCMJ, 10 U.S.C. § 847]." The President expounded upon this language and placed the following limitation on Article 134, UCMJ, in Part IV of the *Manual*:

> The preemption doctrine prohibits application of Article 134 to conduct covered by Articles 80 through 132. For example, larceny is covered in Article 121, and if an element of that offense is lacking—for example, intent—there can be no larceny or larceny-type offense, either under Article 121 or, because of preemption, under Article 134. Article 134 cannot be used to create a new kind of larceny offense, one without the required intent, where Congress has already set the minimum requirements for such an offense in Article 121.

*MCM*, Part IV, ¶ 60.c(5)(a).

Although the effect of this limitation seems clear, our superior court has long placed an additional requirement on the application of the preemption doctrine that has greatly restricted its applicability:

---

[1] The copy of the charge sheet for the Additional Charge and Specification does not include any information that it was served on the appellee. However, no objection was raised, and the appellee was arraigned on both charges and all specifications on 18 March 2014.

[2] We do not address the maximum penalty permissible for each of the dismissed specifications. *See United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2010); Rule for Courts-Martial 1003(c)(1).

> [S]imply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine. In addition, it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way.

*United States v. Anderson*, 68 M.J. 378, 386-87 (C.A.A.F. 2010) (alteration in original) (quoting *United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979)). Our superior court has further observed:

> Thus, we have required Congress to indicate through direct legislative language or express legislative history that particular actions or facts are limited to the express language of an enumerated article, and may not be charged under Article 134, UCMJ. *See, e.g.*, [*Kick*, 7 M.J. at 85] ("We do not agree that the legislative history of [Articles 118 and 119, UCMJ, 10 U.S.C. §§ 918, 919] indicates a clear intent to cover all homicides to the extent of eliminating negligent homicide as an offense under Article 134, UCMJ."); *United States v. Taylor*, 38 C.M.R. 393, 395 ([C.M.A.] 1968) ("There is, therefore, nothing in the legislative background of Article 115 to compel the conclusion that Congress intended to restrict criminal responsibility for self-injury to those acts delineated in the Article."); *United States v. Taylor*, 30 C.M.R. 44, 45–47 ([C.M.A.] 1960) (analyzing congressional intent regarding Articles 121 and 130, UCMJ, 10 U.S.C. §§ 921, 930, through statutory interpretation, comparison to other federal statutes, and review of legislative history).

*Id.* at 387 (second brackets in original) (parallel citations omitted).

We examine each of the challenged specifications to determine if the preemption doctrine applies. We conclude it does and that the military judge did not err.

Article 120b(c), UCMJ, provides, "Any person subject to this chapter who commits a lewd act upon a child is guilty of sexual abuse of a child and shall be punished as a court-martial may direct." The congressional definition of a "child" is a person who has not attained the age of 16 years. Article 120b(h)(4), UCMJ. An affirmative defense exists if the accused reasonably believed the child had attained the age of 16 years, provided the child was in fact at least 12 years of age. Article 120b(d)(2). The term "lewd act" is defined as:

> (A) any sexual contact with a child;

(B) intentionally exposing one's genitalia, anus, buttocks, or female areola or nipple to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person;

(C) intentionally communicating indecent language to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person or to arouse of gratify the sexual desire of any person; or

(D) any indecent conduct, intentionally done with or in the presence of a child, including via any communication technology, that amounts to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations.

Article 120b(h)(5), UCMJ.

Sexual contact includes "any touching, or causing another person to touch, either directly or through the clothing, any body part of any person, if done with an intent to arouse or gratify the sexual desire of any person." Article 120b(h)(1), UCMJ, incorporating definitions from Article 120(g), UCMJ.

Two of the charged specifications allege the appellee used a computer communication system to importune a minor to engage in sexual contact. The Government argues that, by looking at the Mississippi law, there are five elements of this offense, which are different from those in the Article 120, UCMJ, offense. However, these elements are no different than a charged offense for a violation of Article 120b, UCMJ. We are not convinced by the Government's argument that use of "a computer communication system" is materially different from using "any communication technology." The allegation is covered by Article 120b, UCMJ, for lewd acts by intentionally communicating indecent language to a child or committing indecent conduct with a child, or, under Article 80, UCMJ, for soliciting a child to engage in sexual contact. The only difference between the charged offense and the Article 120b, UCMJ, offenses is that the UCMJ applies to communications with children under 16 years of age, while the Mississippi law applies to minors under 18 years of age. The charged specification involves "the dropping of an element of a specifically denounced offense" and converting it to a broader age range. *See United States v. Herndon*, 36 C.M.R. 8, 11 (C.M.A. 1965). The Government cannot use Article 134, UCMJ, to enlarge the age range of an enumerated offense. *See Williams v. United States*, 327 U.S. 711 (1946) (Prosecutors could not use Arizona state law under Assimilative Crimes Act to broaden scope of offense to those under 18 years of age when Congress has defined federal law with a narrower scope as to only those under 16 years of age).

The other two specifications allege that the appellee provided "a sexually oriented image to wit: a photograph of an erect penis" to a person who had not attained the age of 18 years. We also find that this is nearly identical to the Article 120b, UCMJ, offense of "intentionally exposing one's genitalia . . . to a child by any means, including via any communication technology." Again, the only substantive difference is that the Government seeks to expand the age range to include persons over 16 years of age but under 18 years of age.

The Government's last stand is that the Article 134, UCMJ, offenses included the terminal element. *See generally United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). The Government argues that the inclusion of the terminal element means that the Article 134, UCMJ, offenses contain a separate and discrete element that is not required by Article 120, UCMJ. We agree that our superior court has determined that Article 134, UCMJ, offenses under clause 1 or clause 2 include the terminal elements—that the conduct was service discrediting or to the prejudice of good order and discipline—not present in the enumerated offenses. Therefore, in most cases, Article 134, UCMJ, is not a lesser included offense of the enumerated offenses. *United States v. Girouard*, 70 M.J. 5 (C.A.A.F. 2011). However, our superior court has not overturned its case law on the preemption doctrine, and we are bound to follow established precedent.

Furthermore, the preemption doctrine is included in Part IV of the *Manual* as a limitation on Article 134, UCMJ.

> [T]he President has the authority to grant greater rights under Part IV than might be provided by statute. As a result, when a Presidential rule is unambiguous in terms of granting greater rights than provided by a higher source, the rule governs, unless it clearly contradicts the express language of the UCMJ.

*United States v. Czeschin*, 56 M.J. 346, 348 (C.A.A.F. 2002). Therefore, despite the Government's argument that the terminal element requirement in Article 134, UCMJ, offenses eliminates the preemption doctrine, we conclude that the *Manual* specifically establishes this limitation.[3]

We next turn to the second prong of the preemption doctrine to determine if Congress intended the other punitive articles to cover the offense in a complete way. Based on our review of legislative history of Article 120b, we conclude that Congress intended it to be a comprehensive statute.

---

[3] Contrary to the position of our dissenting colleague, we find this rule by the President, as expressed in the *Manual for Courts-Martial*, *United States*, Part IV, ¶ 60.c(5)(a) (2012 ed.), establishes an independent basis for the preemption doctrine.

Our review of congressional intent begins with the analysis included in the *Manual*. This provides:

> As of 28 June 2012, Article 120b criminalizes sexual offenses against children under the age of 16 which were previously contained in the 2007 version of Article 120. . . . The definitions of prohibited sexual acts, sexual contact, and lewd acts have been broadened to cover all sexual offenses against children currently covered under the 2007 version of Article 120(g), Article 120(i), and Article 120 (j).

*MCM*, *Analysis of Punitive Articles*, A23, ¶ 45. Article 120b, UCMJ, was a new paragraph based on the National Defense Authorization Act for Fiscal Year 2012. *Id.* The changes in Article 120, UCMJ, "were recommended by the Joint Services Committee on Military Justice and the Secretary of Defense to address deficiencies in existing law . . . identified by military courts and . . . addressed in the report of the Defense Task Force on Sexual Assault in the Military of December 2009." S. REP. NO. 112-26, 115 (2011). The referenced report provided:

> In May 2001, the Cox Commission recommended the Department of Defense repeal the UCMJ rape and sodomy provisions and the offenses specified under the General Article 134 regarding criminal sexual misconduct. The Commission also recommended the Department of Defense propose a comprehensive criminal sexual conduct article. In October 2004, the National Defense Authorization Act for Fiscal Year 2005 required the Secretary of Defense to review the UCMJ and *Manual for Courts-Martial* to determine changes needed to conform the UCMJ sexual assault offenses to federal provisions. The new comprehensive sexual misconduct article became effective for offenses committed on and after October 1, 2007.

U.S. Dep't of Defense, *Report of the Defense Task Force on Sexual Assault in the Military Services*, 80–81 (2009) (footnote omitted).

We conclude from our review of the legislative history that Congress intended for Article 120b, UCMJ, to be a comprehensive statute to address sexual misconduct with children. Both prongs of the preemption doctrine are met.[4]

### *Conclusion*

We hold the military judge did not err in granting the motion to dismiss Specifications 4, 5, 6, and 7 of the original Charge.

---

[4] Because we find the preemption doctrine applies, we do not address the question left open by our superior court as to whether state law could provide meaningful notice under Article 134, UCMJ, 10 U.S.C. § 934, when Congress had provided detailed regulation of an area. *See United States v. Warner*, 73 M.J. 1, 4 (C.A.A.F. 2014).

We remand the case to the trial court for further proceedings.

On consideration of the Appeal by the United States under Article 62, UCMJ, it is by the Court on this 2nd day of July, 2014,

**ORDERED:**

That the Government's appeal is hereby **DENIED**.

MARKSTEINER, Senior Judge, concurs.  WEBER, Judge, filed a dissenting opinion.

WEBER, Judge, dissenting:

I respectfully disagree with the majority's conclusion concerning the impact of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), upon the preemption doctrine as applied to this case.  As such, I need not reach the issue of Congress's intent with regard to the reach of Article 120, UCMJ, 10 U.S.C §920.

The preemption doctrine generally prohibits application of Article 134, UCMJ, 10 U.S.C. § 934, to conduct covered by Articles 80 through 132, UCMJ, 10 U.S.C. §§ 880-932.  As typically applied, the doctrine states "that where Congress has occupied the field of a given type of misconduct by addressing it in one of the specific punitive articles of the code, another offense may not be created and punished under Article 134, UCMJ, by simply deleting a vital element."  *United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979).  However, the mere fact that charging an act under Article 134, UCMJ, allows the Government to avoid proof of an element does not preclude prosecution under Article 134, UCMJ.  Rather, the preemption doctrine only precludes prosecution under Article 134, UCMJ, where two questions are answered in the affirmative:  (1) "Congress intended to limit prosecution for . . . a particular area" of misconduct "to offenses defined in specific articles of the Code," and (2) "the offense charged is composed of a residuum of elements of a specific offense."  *United States v. Curry*, 35 M.J. 359, 360-61 (C.M.A. 1992) (quoting *United States v. McGuinness*, 35 M.J. 149, 151-52 (C.M.A. 1992)).

Beginning in 2008, our superior court issued a series of opinions that specifically held that the "terminal elements" of clauses 1 and 2 of Article 134, UCMJ, are distinct criminal elements not found in the enumerated articles.  In *United States v. Medina*, 66 M.J. 21 (C.A.A.F. 2008), the Court held that an appellant's guilty pleas to violating clause 2 of Article 134, UCMJ, were not knowing and voluntary where he admitted the service discrediting nature of his conduct in pleading guilty to child pornography offenses alleged under clause 3 of the Article.  The Court concluded that clauses 1 and 2 of Article 134, UCMJ, "are not necessarily lesser included offenses of offenses alleged under clause 3, although they may be, depending on the drafting of the specification." *Id.*

at 26. The Court extended this principle one year later by holding that clauses 1 and 2 of Article 134, UCMJ, are not per se included in every enumerated offense. *United States v. Miller*, 67 M.J. 385, 389 (C.A.A.F. 2009). In so doing, the Court overruled long-standing precedent that indicated that a charged violation of an enumerated article by itself provided sufficient notice of the clause 1 or 2 terminal element. *Id.* (overruling *United States v. Foster*, 40 M.J. 140 (C.M.A. 1994)). The following term, the Court applied *Miller* to hold that the Article 134, UCMJ, offense of indecent acts was not a lesser included offense of rape, since the Article 134, UCMJ, offense contained an element that the enumerated offense did not. *United States v. Jones*, 68 M.J. 465, 472-73 (C.A.A.F. 2010). This line of cases culminated in *Fosler*, when the Court held that the Government must specifically allege a terminal element in an Article 134, UCMJ, offense, because the terminal element was not necessarily implied in a charge and specification of adultery. *Fosler*, 70 M.J. at 230.

The meaning of this line of cases is clear. The accused must have specific notice of the terminal element(s) being charged because these elements are distinct criminal elements no longer inherently included in the enumerated offenses, as they were long held to be.

Under a framework where the Article 134, UCMJ, clause 1 and 2 terminal elements are no longer implied in the enumerated offenses and are so distinct that specific notice must be provided of them, it is unclear what reach the preemption doctrine retains regarding offenses charged under clause 1 or 2 of Article 134, UCMJ. In these situations, the Government has not "simply deleted a vital element" by charging an act under Article 134, UCMJ, instead of the enumerated article. Rather, it has exchanged one or more elements from the enumerated article for another vital element—namely, that the accused's conduct was prejudicial to good order and discipline or service-discrediting.

Given the significant shift in the legal landscape that has occurred in recent years, I do not concur with the majority that we are bound by vertical *stare decisis* principles to wait for our superior court to explain the scope of the preemption doctrine. This is particularly true in this interlocutory appeal, where the outcome of the trial is being held up pending resolution of this matter. Our superior court has already limited or eviscerated the applicability of the preemption doctrine. *See Jones*, 68 M.J. at 474 n.2 (Baker, J., dissenting) ("[T]he majority has also eliminated the issue of multiplicity and claims of preemption for clauses 1 and 2 of Article 134, UCMJ . . . .") That Court has not issued a decision upholding the preemption doctrine following this change in the legal landscape. It is this Court's duty to apply the clear import of our superior court's recent decisions. I would reverse the military judge on this basis.[5]

---

[5] The Government raised this issue in its response to the defense motion to dismiss. The military judge discussed this matter during oral argument on the motion, but her ruling did not address this matter.

MARKSTEINER, Senior Judge, participated in this decision prior to his transfer from this Court.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court